206 So.2d 850 (1968)
Mrs. Peggy F. BURT
v.
Rice DUCKWORTH and Lillian C. Laird.
No. 44699.
Supreme Court of Mississippi.
February 5, 1968.
William E. Andrews, Jr., Purvis, J. Harold Graham, Jr., Crystal Springs, for appellant.
*851 Dudley W. Conner, Hattiesburg, for appellee.
INZER, Justice:
This is an appeal by Mrs. Peggy F. Burt from a judgment of the Circuit Court of Lamar County wherein that court sustained separate motions of the defendants-appellees, Rice Duckworth and Mrs. Lillian C. Laird, to exclude the evidence offered by appellant and to direct the jury to find for appellees.
Appellant sought to recover damages for personal injuries sustained as a result of the car which she was driving being struck from the rear by a pulpwood truck driven by Rice Duckworth. The accident happened on December 11, 1963, at about 5 p.m. on U.S. Highway No. 11 about one and one-half miles north of Purvis, Mississippi. At the time in question Mrs. Laird was proceeding north in her car intending to make a left turn into a street which led to a subdivision on the west side of the highway and which intersected the highway. Mrs. Burt was following the Laird vehicle driving a 1963 Rambler that belonged to her husband who was riding in the car with her. The road into which Mrs. Laird intended to turn was at the bottom of a long hill and after Mrs. Laird went over the crest of the hill she gave a signal with her blinker light that she intended to make a left turn. Mrs. Burt admits that she saw this signal. When Mrs. Laird reached the point where she intended to make her turn, she was meeting on-coming traffic from the north and she applied the brakes of her car and stopped on the highway. Mrs. Burt saw the brake light come on and she stopped her car behind the Laird car. In a few seconds the vehicle of Mrs. Burt was struck from the rear by a Ford truck driven by Duckworth. As the truck approached, Mrs. Laird saw it and thought that the driver of the truck was not going to be able to stop. She drove her car forward, but Mrs. Burt was unable to move forward. As a result of the collision Mrs. Burt's car was knocked forward to the edge of the pavement. She suffered a whiplash injury. Thereafter Mrs. Burt brought suit against Mrs. Laird, Duckworth, W.R. Campbell, and International Paper Company seeking to recover damages for her injury. She alleged in that suit that Duckworth was the servant of Campbell and International Paper Company and that they were liable as his master for his negligence. Her husband, Billy Frank Burt, brought suit against Rice Duckworth and Wallace R. Campbell seeking to recover $206.73 for damage to his car as a result of the collision. When these cases came on for trial at the January 1966 term of the court, Mrs. Burt took a nonsuit as to all the defendants in her suit. The suit of Mr. Burt was dismissed with prejudice at the April term.
Mrs. Burt then filed the present suit against Mrs. Laird and Rice Duckworth. Mrs. Laird answered and denied that she was guilty of any negligence that caused or contributed to the accident. She incorporated into her answer an affirmative defense wherein she alleged that Mrs. Burt had filed the previous suit and that it was nonsuited as a result of Mrs. Burt's being paid $3,000 by W.R. Campbell and International Paper Company. It was also alleged that this payment fully and completely compensated Mrs. Burt for any and all injuries that she may have suffered as a result of the collision and that she was not entitled to recover anything from Mrs. Laird. Mrs. Burt answered this affirmative defense admitting that she had filed the former suit against the parties named and had taken a nonsuit as to all the parties but denying that the sum paid completely compensated her for the injuries she sustained in the accident.
Rice Duckworth did not answer but was present in court and participated in the trial of the cause representing himself. He did not file any answer but no default judgment was taken against him.
The principal error assigned is that the trial court was in error in sustaining the *852 separate motions of appellees for a directed verdict.
We have carefully examined the evidence and we are of the opinion that the trial court was not in error in sustaining the motion of Mrs. Laird for directed verdict. It was the duty of the trial court when the motion for a directed verdict was made by Mrs. Laird to determine whether or not appellant had established negligence on her part. This the trial court did, the judge stating:
We come to the other motion  that of the defendant, Mrs. Laird, to exclude the testimony and direct a verdict for her.
Of course, those facts are before the Court and are in the record. There is the testimony of two people  in other words, two sets of testimony we will call it. The testimony of Mrs. Laird herself, as an adverse witness. That testimony is clear and she testified that she gave a signal for a left turn and was attempting to make a left turn, and would have made the left turn except for the fact that there was a string of traffic coming. And, that is the words she used  string of traffic. She didn't know how many vehicles, but that she could not make a left turn because of that string of traffic coming by. She stopped, which she would have had to done, and so far as this record is concerned, her efforts to make a left turn was according to what the statute says  Section 8189, "How to Make a Left Turn." And, that she had stopped safely.
And, then the testimony of Mrs. Burt and her husband is that they came up behind her, and they certainly were traveling faster than she or they would not have overtaken her. The testimony of both is that neither of them were traveling in a reckless or negligent manner; that she came up behind the car of Mrs. Laird and stopped dead-still. And, at that point of the game both parties were safe, so far as the operation of the vehicle of Mrs. Laird or Mrs. Burt. Mrs. Laird, at this point, had done nothing wrong; had not been careless in anything. Neither had Mrs. Burt been careless.
At this point of the game nothing wrong had been done; no negligence on the part of anyone. What happened later, over which Mrs. Laird or Mrs. Burt neither had any control, was what caused the damage.
I can't see how Mrs. Laird could be held responsible for anything that caused that accident. I am of the opinion that so far as Mrs. Laird is concerned, they are not entitled to recover anything.
Therefore, I am sustaining that motion and directing a verdict for Mrs. Laird.
The evidence supports this finding by the trial judge. Appellant also contends that Mrs. Laird was guilty of negligence in failing to drive her vehicle off the paved portion of the highway prior to the time she stopped. It is urged that when Mrs. Laird failed to do this she violated Mississippi Code 1942 Annotated section 8215 (1956). The pertinent portion of Section 8215 reads as follows:
(a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least twenty feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of two hundred feet in each direction upon such highway.
In Whitten v. Land, 188 So.2d 246 (Miss. 1966), we construed the foregoing section and held that a motorist might stop his vehicle momentarily, as was done here, without *853 violating the statute. We held that where the exigencies of the traffic situation required, a motorist could stop momentarily in the highway without being guilty of negligence. Under the facts and circumstances of this case, Mrs. Laird was not required to drive her vehicle off of the main portion of the highway prior to stopping.
Appellee Rice Duckworth failed to file a brief in this court and, having carefully considered the brief of the appellant as well as the record, we cannot with entire confidence affirm as to Rice Duckworth. The rule has been stated in numerous cases that the failure of the appellee to file a brief is tantamount to a confession of error and will be accepted as such unless we can with confidence say, after considering the record and brief of appellant, that there was no error. The trial judge found that Rice Duckworth was guilty of negligence but sustained a motion for directed verdict on his behalf for the reason that the proof showed that there had been a settlement made by his principals, Campbell and International Paper Company. However, it appears that Mrs. Burt did not execute a release to Campbell and International Paper Company although she did enter into an agreement not to sue them, retaining any rights that she had against the other parties involved. Under these circumstances the payment by Campbell and International Paper to Mrs. Burt in return for a covenant not to sue them did not release Duckworth except pro tanto. In other words, Duckworth, the principal actor, was still liable to Mrs. Burt for any damages she sustained as a result of his negligence in excess of the amount paid her by the joint obligors. This was a question for the jury to determine under proper instruction, and the trial court was in error in sustaining the motion of Duckworth for a directed verdict.
There are other errors assigned, but the conclusion we have reached makes it unnecessary that they be discussed.
Judgment of the trial court is affirmed as to appellee Mrs. Laird, but reversed as to appellee Rice Duckworth.
Affirmed in part, reversed in part, and remanded.
GILLESPIE, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.