371 So.2d 565 (1979)
William R. MILLER, Appellant,
v.
Sandra MILLER, Appellee.
No. 77-1664.
District Court of Appeal of Florida, Fourth District.
May 31, 1979.
*566 Roger F. Borrello, Plantation, for appellant.
Gregory Keith Jones of Ruf & Jones, Fort Lauderdale, for appellee.
PER CURIAM.
In this appeal and cross appeal from a final judgment of dissolution of marriage the appellant-husband contests the financial aspects of the final judgment and the appellee-wife contests the split custody award.
We have reviewed the entire record in this cause which consisted solely of the testimony of the parties and two psychologists who testified concerning the custody issue. Although the evidence regarding the respective financial positions of the parties is rather sparce we find there is sufficient evidence to support the conclusions of the trial judge in this respect.
Concerning the split custody award the trial judge specifically determined that both were fit and proper persons to have custody of the children. Under such circumstances one would expect the trial judge to award custody of three young daughters to the mother. Nevertheless, the judge awarded custody of the oldest child, who was the natural child of the wife and adopted by the father, to the mother. Custody of the two younger children, both of whom were the natural children of the parties, was awarded to the father.
Notwithstanding the provisions of Section 61.13(2)(b), Florida Statutes (1977) which provides that the father of a child shall be given the same consideration as the mother in determining custody, the law in this State remains to the effect that the mother of infant children shall receive prime consideration when other factors are equal. At the time of the dissolution in this case the children were 12, 7 and 4 years of age and normally, other factors being equal, the mother should be given prime consideration for their custody. It is also well established that the law does not favor separating the children of one family from each other except for the most compelling reasons. Arons v. Arons, 94 So.2d 849 (Fla. 1957). Considering the entire record in this case, which we have reviewed in detail, we find substantial competent evidence to support the trial court's conclusion that custody of the children should be divided between the parents. All other factors were not equal albeit the court found both parties to be fit and proper persons. On the basis of the record before us the trial court could well have determined that the best interests and welfare of the children would be served by his ultimate conclusion.
Perhaps we, sitting as triers of the facts, may have reached a different conclusion. The trial judge, however, had the parties before him and considered all of the necessary criteria including, but not limited to, their background, their daily habits, and the desires of the children as expressed in the testimony of the two psychologists and the parents. Absent a clear showing of an abuse of his discretion we may not substitute our judgment for that of the trial judge. Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975). Such an abuse of discretion has not been demonstrated in the case sub judice.
The final judgment is AFFIRMED.
CROSS and MOORE, JJ., and PAUL, MAURICE M., Associate Judge, concur.