384 So.2d 697 (1980)
Carl M. COLLIER, Husband, Appellant,
v.
Dianne M. COLLIER, Wife, Appellee.
No. 78-1378.
District Court of Appeal of Florida, Fourth District.
May 28, 1980.
*698 Arthur J. Morburger of Weinstein & Bavly, P.A., Miami, and Carl M. Collier, Lake Worth, for appellant.
Paxton, Crow, Taplin & Bragg, and Larry Klein, West Palm Beach, for appellee.
ANSTEAD, Judge.
The primary issue before us is the wife's contention on cross-appeal that the trial court erred in awarding custody of one of the parties' children, a 6 year old boy, to the husband while awarding custody of the remaining two children, a 4 year old boy and a 7 year old girl, to the wife.
The wife claims that the circumstances of this case do not justify the trial court's refusal to follow the general rule that children of divorced parents should be kept together in the same family unit. Arons v. Arons, 94 So.2d 849 (Fla. 1957). However, like most rules of law this proposition is not absolute and is subject to a determination as to what custody arrangement would be best for the child. Miller v. Miller, 371 So.2d 565 (Fla. 4th DCA 1979).
Section 61.13, Florida Statutes (Supp 1978) sets forth the general standards that a trial court should consider in determining what is best for the child:
(2)(b) The court shall award custody and visitation rights of minor children of the parties as a part of proceeding for dissolution of marriage in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction Act. Upon considering all relevant factors, the father of the child shall be given the same consideration as the mother in determining custody.
.....
(3) For purpose of custody, the best interests of the child shall be determined by the court's consideration and evaluation of all factors affecting the best welfare and interests of the child, including, but not limited to:
(a) The love, affection, and other emotional ties existing between the parents and the child.
(b) The capacity and disposition of the parents to give the child love, affection, and guidance and to continue the educating of the child.
(c) The capacity and disposition of the parents to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.
(d) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home.
(f) The moral fitness of the parents.
(g) The mental and physical health of the parents.
(h) The home, school, and community record of the child.
(i) The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.

*699 (j) Any other factor considered by the court to be relevant to a particular child custody dispute.
The wife asserts that the only factor supporting the trial court's award is the stated preference of the child. Section 61.13(3)(i), supra. Although we agree that the record supports a finding that the child was of "sufficient intelligence, understanding, and experience to express a preference," and that the trial judge's decision was partially based on that stated preference, we do not agree that this is the only evidence in the record supporting the trial court's conclusion.
Commendably, neither party has claimed the other was not qualified to have custody.[1] However, our review of the record reveals that there was evidence of special circumstances presented to the trial court which would support a conclusion that it would be in the best interest of the child to be in the custody of the father, rather than the mother. The court received extensive evidence as to this issue concerning the child's life and relationship with others, prior to and during the separation of the parties, as well as evidence of the proposed plans of the parties in the event one or more of the children would be placed in their custody. This evidence, if accepted and found credible by the trial judge, would support a conclusion that the emotional stability and future well-being of the child would best be served by allowing the child to live with his father.
Having reviewed the record and determined that there is competent, substantial evidence in the record to support the trial court's conclusion that this case involves an exception to the general rule discouraging split custody, we also must recognize that the trial court is vested with substantial discretion in making such decisions. The trial court is in a unique position to appraise the consequences of its custody decision. The Supreme Court has recently reaffirmed the extent of a trial court's discretion in domestic relations matters in the case of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980, clarified March 17, 1980), where it was held that if reasonable men could differ as to the propriety of the action taken by the trial court, then the action cannot be held unreasonable and there can be no finding of an abuse of discretion.
Our views here are similar to those expressed by the panel in Miller v. Miller, supra, wherein it was stated:
Perhaps we, sitting as triers of the facts, may have reached a different conclusion. The trial judge, however, had the parties before him and considered all of the necessary criteria including, but not limited to, their background, their daily habits, and the desires of the children as expressed in the testimony of the two psychologists and the parents. Absent a clear showing of an abuse of his discretion we may not substitute our judgment for that of the trial judge. Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975). Such an abuse of discretion has not been demonstrated in the case sub judice.
We have also reviewed the issues raised by the father and former husband as to awards to the former wife of attorney's fees and personal property and we find no error in these rulings by the trial court.
Accordingly, the judgment and orders of the trial court are hereby affirmed.
LETTS, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] The mother did not seek a rehearing or stay of the trial court's custody decision and the court was informed at oral argument that the father has had custody of the one child since immediately after the entry of final judgment on May 1, 1978.