441 So.2d 1361 (1983)
Velma M. SPARKMAN
v.
John Robert SPARKMAN.
No. 54520.
Supreme Court of Mississippi.
December 14, 1983.
*1362 Charles H. Ramberg, Samuel L. Walters, Jackson, for appellant.
No brief for appellee.
Before PATTERSON, C.J., and HAWKINS and ROBERTSON, JJ.
HAWKINS, Justice, for the Court:
Valma M. Sparkman appeals from a decree of the Chancery Court of the First Judicial District of Hinds County awarding custody of her son to the father, John Robert Sparkman. Finding the Chancellor erred, we reverse and render.
Valma M. Sparkman and John Robert Sparkman, Blacks, married May 19, 1974. Meakil Sparkman, a boy, and Rujuhnda, a girl, ages six and three respectively at the time of trial in June, 1982, were born to the marital union. Valma and John Robert separated in October, 1981, and her complaint for divorce was filed in April, 1982, charging habitual, cruel and inhuman treatment.
John Robert cross-complained charging adultery. At a temporary hearing prior to trial, the Chancellor permitted the boy to remain with the father and the girl to remain with the mother.
At the divorce hearing, John Robert testified he had moved to Indianapolis, IN, where he was employed. Meakil stayed with John's sister, who had an apartment and a 12-year-old son, during the day.
Valma was also employed at a local day care center and their daughter was kept at another day care center while she worked.
Following trial, the Chancellor awarded custody of the little girl to Valma and the boy to John Robert, with each parent, upon paying the traveling expense, having the right to one month's visitation during the summer of the child in the other's custody.
Valma challenges the decree insofar as it awarded custody of the boy to John Robert.
John Robert has filed no brief and made no appearance.
In an ordinary case, such failure would be tantamount to a confession of error by the appellee, and in and of itself it would justify our reversing and rendering judgment for the appellant. See Burt v. Duckworth, 206 So.2d 850 (Miss. 1968), and Lawler v. Moran, 245 Miss. 301, 148 So.2d 198 (1963). This is a child custody case, however, and we examine further.
This Court has never adopted any per se rule to the effect that children should not be separated, in the absence of a showing of absolute necessity for the child's welfare. See the following cases for the rule in Florida: Collier v. Collier, 384 So.2d 697 (Fla. App. 1980) and Doane v. Doane, 330 So.2d 753 (Fla. 1976). The above rule comes from Arons v. Arons, 94 So.2d 849 (Fla. 1957).
We did state, however, in Mixon v. Bullard, 217 So.2d 28 (Miss. 1968) albeit by dicta:
The Court shall in all cases attempt insofar as possible, to keep the children together in a family unit. It is well recognized that the love and affection of a brother and sister at the ages of these children is important in the lives of both of them and to deprive them of the association ordinarily would not be in their best interests. 218 So.2d at 30-31.
*1363 This expresses a common sense recognition of the ordinary facts of life, that in the absence of some unusual and compelling circumstance dictating otherwise, it is not in the best interest of children to be separated.
If there were any special circumstance in this case, we believe the Chancellor would have set it out in his opinion. There is nothing in this record to indicate any compelling reason to depart from this salutary practice of our courts.
REVERSED AND RENDERED FOR APPELLANT.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.