PER CURIAM.
This is an appeal from a final judgment in favor of the father as primary residential custodian of a child. The essence of the trial court’s final judgment was the following:
This is a marriage of approximate [sic] twelve years duration which has produced two children; one girl, Kimberly, aged fifteen by step parent adoption and a boy, Kevin, aged ten who was born of the marriage. The parties agree that Kimberly shall reside with and that the Wife shall be the primary residential custodian. There is virtually no further agreement between the parties with the greatest dispute being the primary physical residence of Kevin. Just after the parties separated, there was agreement between them that Kevin was experiencing severe problems, most of which can in all probability be ascribed to the differences and tensions which existed between the parties at that time. By the time of the Final Hearing, there was even disagreement between the parties and the expert witnesses as to the present severity of those problems. Both parties concede that if called to testify, Kevin would express a desire to reside with his mother. The Court listened to the reasons given by each party, albeit hearsay as to why Kevin held this desire. The Court feels that these reasons, as articulated by the parties and their expert witnesses are sound and not *1124 the whim or caprice of the parties or Kevin’s ten year old mind. The Court, however, cannot ignore what it considers to be substantial progress in Kevin’s behavior and school grades during the period of time he has resided with his father and therefore, feels that present alteration of Kevin’s physical residence would serve no purpose other than to introduce unnecessary upheaval into his young life. This is a decision upon which the Court has labored long and hard after having read and reread all of the Court’s notes and after review of those exhibits touching on this issue, not to mention several nights of interrupted sleep. The Court can only hope and pray that for Kevin’s sake it has arrived at a correct decision.
We affirm. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); and Collier v. Collier, 384 So.2d 697 (Fla. 4th DCA 1980).
HERSEY, C.J., and GLICKSTEIN and STONE, JJ., concur.