724 So.2d 954 (1998)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellant,
v.
Marvin L. PENNINGTON, Appellee.
No. 97-CC-01248 COA.
Court of Appeals of Mississippi.
December 18, 1998.
*955 Albert B. White, Madison, Attorney for Appellant.
No attorney listed for Appellee.
BEFORE BRIDGES, C.J., HINKEBEIN, AND KING, JJ.
BRIDGES, C.J., for the Court:
¶ 1. Marvin L. Pennington was employed for approximately nine and one-half months as a station attendant by Fowlkes & Fowlkes in Amory. Pennington was discharged for misconduct on May 29, 1996, for failing to comply with the company policy requiring an employee to notify his supervisor if unable to report for work for three consecutive days. Pennington was absent for three consecutive days without notifying his supervisor, Phil Leach. Pennington had been warned previously about being absent from work without notification and was aware of the company policy.
¶ 2. Pennington filed for unemployment benefits through the Mississippi Employment Security Commission (MESC). The claims examiner disqualified Pennington "for absenteeism without proper notification" constituting misconduct pursuant to Miss.Code Ann. § 71-5-513 (Supp.1998). On appeal, the referee found Pennington was incapable of appropriately notifying the employer of his absence and held the employer failed to meet its burden of proving misconduct by Pennington. Fowlkes & Fowlkes appealed the decision to the Board of Review. The Board opined Pennington had an obligation to notify the employer of his absence and could have done so by some means if he had made an effort to do so. Thus, Pennington's failure to notify Fowlkes & Fowlkes constituted misconduct disqualifying Pennington from receiving unemployment benefits.
¶ 3. Aggrieved, Pennington appealed the Board's decision to the Circuit Court of Hinds County. The circuit court reversed the decision of the Board of Review reinstating Pennington's unemployment benefits.
¶ 4. MESC has perfected its appeal and submitted its brief to this Court. On appeal, MESC presents the following issues:
I. Whether the Hinds County Circuit Court abused its discretion by failing to appropriately apply the standard of review and by reversing the Board of Review; and
II. Whether Fowlkes & Fowlkes met its burden of proving that Marvin L. Pennington committed disqualifying misconduct by violating the employer's absenteeism policy.
¶ 5. No brief has been submitted by Pennington.

ARGUMENT AND DISCUSSION OF THE LAW
¶ 6. MESC asserts the lower court ignored the applicable case authorities, substituted its subjective opinion for that of the trier of fact, and failed to properly apply the standard of review. As noted previously, Pennington has not filed a brief in response to the appeal of MESC though a certified true copy of the brief was sent to Pennington on January 23, 1998.
¶ 7. The Mississippi Supreme Court has previously stated that "the failure of the appellee to file a brief is tantamount to a confession of error and will be accepted as such unless we can with confidence say, after considering the record and brief of appellant, that there was no error." Snow Lake Shores Property Owners Corp. v. Smith, 610 So.2d 357, 360 (Miss.1992); see also Queen v. Queen, 551 So.2d 197, 199 (Miss.1989); Sparkman v. Sparkman, 441 So.2d 1361, 1362 (Miss.1983); Burt v. Duckworth, 206 So.2d 850, 853 (Miss.1968).
¶ 8. We have considered the brief and argument of MESC, as well as the record, and we cannot with confidence affirm the case. Because we cannot say with confidence that *956 there was no error in the circuit court's decision, we will accept the failure of Pennington to file a brief as a confession of error at the lower court level.
¶ 9. Moreover, the supreme court has stated that "[s]ince the appellant's brief makes out an apparent case of error, we do not regard it as our obligation to look to the record to find a way to avoid the force of the appellant's argument." Westinghouse Credit Corp. v. Deposit Guar. Nat'l Bank, 304 So.2d 636, 637 (Miss.1974).
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND JUDGMENT IS RENDERED FOR THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION.
McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.