McMILLIN, C.J.,
for the Court:
¶ 1. This is an appeal from a decision of the Board of Review of the Mississippi Employment Security Commission to deny unemployment benefits to Bobbie F. Berry and Rose M. Berry. The Berrys appealed first to the Circuit Court of Sharkey County. That court reversed the decision of the Commission acting through its Board of Review and ordered benefits to commence for both claimants. The Commission perfected this appeal. The Commission urges this Court to find that the circuit court incorrectly concluded that there was not substantial evidence to support the Commission’s findings of fact regarding the claimants’ knowledge of a no-strike provision in the collective bargaining agreement under which they were working. The Commission also contends that the circuit court applied an incorrect legal standard in determining whether the Ber-rys’ activities constituted disqualifying misconduct under the relevant statute and interpreting case law.
¶ 2. We conclude that the Commission’s position has merit and we, therefore, reverse and render the judgment of the circuit court.
I. FACTS
¶ 3. Freshwater Farms is a catfish processing plant employing approximately two-hundred twenty people. After an employee strike in May of 1998, Freshwater Farms and the workers’ union entered into a collective bargaining agreement. That agreement established a procedure for handling employee grievances and stated *300 that the union would not authorize or encourage strikes. Under the explicit terms of the agreement, any employee who participated in an unauthorized strike would be subject to immediate discharge. On several occasions between May and November, the employees in the plant utilized these grievance procedures.
¶ 4. On November 16, 1998, approximately sixty-five Freshwater Farms employees, including the appellees, Rose Berry and Bobbie Berry, did not report to work for their scheduled shifts. Instead, the employees conducted an unauthorized strike outside the Freshwater Farms plant in protest of the working conditions that they found objectionable. The employees had not undertaken to resolve their dissatisfaction through the contracted-for grievance procedure prior to the strike. The employees who participated in the unauthorized strike, including specifically the appellees, were dismissed.
¶ 5. The appellees filed for unemployment compensation after their discharge. The claims examiner determined that they had been discharged for misconduct related to their employment and were disqualified from receiving unemployment benefits under Miss.Code Ann. § 71-5-513 (Rev. 1995). The appellees appealed the decision and a referee affirmed the decision of the claims examiner. The appellees then appealed the referee’s decision to the Board of Review. The Board of Review affirmed the decision of the referee. The appellees then appealed to the Sharkey County Circuit Court.
¶ 6. The circuit court reversed the Board of Review’s decision. In a finding of fact that was directly contrary to the Board of Review’s factual findings, the circuit court held that the Berrys did not have actual knowledge of the no-strike provision in the collective bargaining agreement. For that reason, the circuit court did not consider the Berrys’ failure to report to work as disqualifying misconduct, but rather found it to be a single incident of insubordination that would not interfere with their eligibility for unemployment compensation.
PRELIMINARY NOTE
¶ 7. The appellees have failed to file a brief in the matter now before this court. There is authority for the proposition that such a failure can be taken as a confession of error if the Court cannot confidently say that there was no error in the circuit court’s decision. Mississippi Employment Security Commission v. Pennington, 724 So.2d 954, 956 (Miss.Ct.App.1998) (Citing Snow Lake Shores Property Owners Corp. v. Smith, 610 So.2d 357, 360 (Miss.1992); Queen v. Queen, 551 So.2d 197, 199 (Miss.1989); Sparkman v. Sparkman, 441 So.2d 1361, 1362 (Miss.1983); Burt v. Duckworth, 206 So.2d 850, 853 (Miss.1968)). However, despite the Berrys’ failure to file a brief, we observe that there is a presumption of correctness that attaches to a lower court’s decision. Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973). For that reason, we have undertaken a review of the matter on the merits rather than summarily take the Berrys’ inaction as confession of error.
LAW AND ANALYSIS
I. WHETHER THE CIRCUIT COURT CORRECTLY DECIDED THAT THE BOARD OF REVIEW’S DECISION WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.
¶ 8. We are obligated to give deference to the findings and conclusions of an administrative agency. Judicial review of an Employment Security Commission ruling is limited to determination of whether the decision is supported by substantial *301 evidence. If the Board’s factual findings are supported by evidence, our review is confined to questions of law. Miss.Code Ann. § 71-5-531 (Rev.1995). This Court must review the record to determine whether there is substantial evidence to support the Board of Review’s finding of fact and whether, as a matter of law, the employees’ actions constituted misconduct disqualifying them from eligibility for unemployment compensation. City of Clarksdale v. Mississippi Employment Sec. Comm’n, 699 So.2d 578, 580 (Miss.1997). A court sitting in an appellate role may not reweigh the evidence to determine where it believes the preponderance of the evidence to lie, nor may it substitute its judgment for that of the agency. Allen v. Mississippi Employment Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994).
¶ 9. In this instance, we conclude that the circuit court erred in altering certain of the critical findings of fact by the Commission. The Commission found as fact that the appellees were aware of the contents of the collective bargaining agreement. That finding was supported by the employees’ own testimony that they had followed the grievance procedures in the past, but chose not to do so in this instance. The evidence in this record supports a conclusion that the employees deliberately disregarded the terms of the collective bargaining agreement by declining to follow established grievance procedures and, instead, participating in an unauthorized strike at a time when they were required, under the terms of their employment, to be on duty in the plant.
II. WHETHER THE CIRCUIT COURT PROPERLY APPLIED THE LAW TO THE FACTS.
¶ 10. This Court is obligated to apply the definition of misconduct set out in Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982) as follows: “The meaning of the term misconduct, as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.” The Mississippi Employment Security Commission has also adopted the Wheeler definition as part of its administrative manual and added that “an employee shall not be found guilty of misconduct for the violation of a rule unless: (1) the employee knew or should have known of the rule; (2) the rule was lawful and reasonably related to the job environment and job performance; and (3) the rule is fairly and consistently enforced.”
¶ 11. In Halbert v. City of Columbus, 722 So.2d 522 (Miss.1998), the employee knew of the company policy requiring employees to submit to random drug testing, yet the employee refused. The Court found that this refusal was evidence of wilful, wanton disregard of the employer’s interests, citing, among other authorities, Richardson v. Mississippi Employment Security Commission, 593 So.2d 31 (Miss.1992) and Moore v. Unemployment Compensation Board of Review, 134 Pa.Cmwlth. 274, 578 A.2d 606 (1990). In a Wisconsin case with close factual similarity, the court found that the violation of a no-strike clause of a bargaining agreement constituted a wilful interference with the employer’s interest and rose to a level of misconduct. Universal Foundry Company v. Department of Industry, Labor, and Human Relations, 86 Wis.2d 582, 273 N.W.2d 324 (1979). See also G.A. Aalbers v. Iowa Dept. of Job Service, 431 N.W.2d 330 (1988).
¶ 12. This Court is satisfied that an employee’s wilful refusal to report for work for the purpose of participating in an unauthorized strike when the employee *302 had actual knowledge that participation in the strike violated the provisions of the agreement under which he was employed rises to the level of disqualifying misconduct and may not be dismissed as a mere isolated incident of insubordination. To the extent, therefore, that the circuit court relied on authority that such isolated incidents may not constitute disqualifying misconduct, we agree with the Commission that the circuit court applied an incorrect legal standard.
¶ 13. Finding that there was substantial evidence to support the factual findings of Commission and further finding that wilful participation in an unauthorized strike at a time when an employee is required to be at work constitutes disqualifying misconduct, this Court concludes that there is no basis to disturb the determination of the Commission. The circuit court, in doing otherwise, exceeded the scope of its authority sitting as an appellate court considering the action of an administrative body.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF SHARKEY COUNTY REVERSING THE DECISION OF THE BOARD OF REVIEW OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION IS REVERSED AND REMANDED AND THE DECISION OF THE BOARD OF REVIEW OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION IS REINSTATED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
SOUTHWICK, P.J., BRIDGES, MYERS, and THOMAS, JJ., concur.
KING, P.J., dissents with separate written opinion joined by PAYNE and LEE, JJ.
CHANDLER and IRVING, JJ., not participating.