LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Edward Darrell Moorman and Rebecca Jane Waldo Moorman were married on August 21, 1999. Edward and Rebecca had two sons, with one child born on June 15, 2000, and the other born on December 20, 2001. Edward also had custody of his three sons from a prior marriage. Rebecca filed a petition for divorce in the Ponto-toc County Chancery Court on January 23, 2003. On February 6, 2003, the chancellor entered a temporary agreed order giving custody of the minor children to Edward. Edward and Rebecca subsequently reeon-ciled for a brief period. The temporary agreed order was never rescinded.
 

 ¶ 2. On January 16, 2004, Edward filed a petition for divorce, alleging adultery and habitual cruel and inhuman treatment. In the alternative, Edward alleged irreconcilable differences. Ultimately, Edward withdrew his fault grounds for divorce, and the parties entered into a joint consent to divorce on the ground of irreconcilable differences. After a hearing, the chancellor awarded temporary physical custody of the children to Rebecca, beginning on March 15, 2004.
 

 ¶ 3. After numerous continuances, a trial on the matter was held in January 2008 and continued until April 10, 2008. At that time, the chancellor entered a bench ruling awarding permanent custody of the minor children to Rebecca. An order incorporating the chancellor’s bench opinion was entered on August 13, 2008.
 

 ¶ 4. Edward now appeals, asserting that the chancellor erred in separating the minor children from their three older half-brothers without addressing any unusual and compelling circumstances. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 5. The standard of review in child custody cases is quite limited, and in order to reverse the chancellor’s findings, the chancellor must be manifestly wrong, clearly erroneous, or have applied an erroneous legal standard.
 
 Hensarling v. Hensarling,
 
 824 So.2d 583, 586(¶ 7) (Miss.2002).
 

 DISCUSSION
 

 ¶ 6. In his only issue on appeal, Edward argues that the chancellor erred in failing to address any unusual and compelling circumstances to warrant the separation of the minor children from their half-brothers. Edward relies upon
 
 Sparkman v.
 
 
 *672
 

 Sparkman,
 
 441 So.2d 1361 (Miss.1983), to support his position that the chancellor did not act in the best interests of the minor children in separating them from their half-brothers. In the
 
 Sparkman
 
 case, the chancellor separated a brother and a sister.
 
 Id
 
 at 1362. The supreme court reversed, finding that the chancellor failed to address any special circumstances necessitating the separation of the children.
 
 Id.
 
 at 1363.
 

 ¶ 7. Edward contends that the chancellor’s failure to specifically address the situation constitutes reversible error. The chancellor referenced the
 
 Sparkman
 
 opinion in his decision, but he never fully addressed the case. Edward would have this Court require chancellors to specifically address the issue of sibling separation in their rulings much like chancellors are required to address the
 
 Albright
 
 factors.
 
 [1]
 
 We decline the invitation to do so.
 
 See C.A.M.F. v. J.B.M.,
 
 972 So.2d 656, 661 (¶¶ 20-23) (Miss.Ct.App.2007). The separation of siblings is not a separate
 
 Albright
 
 factor but one factor “which the chancellor may consider along with the best interest of the child.”
 
 Id.
 
 This Court in
 
 Sumrall v. Sumrall,
 
 970 So.2d 254, 259(¶ 22) (Miss.Ct.App.2007), noted that there was substantial evidence produced at trial that two half-brothers were close and “to separate them would be harmful, difficult, and not in their best interests.”
 

 ¶ 8. In the case at bar, the chancellor did consider the separation of the half-brothers to a limited extent. The chancellor, noting that the custody of the three half-brothers was not before the court, allowed one of Edward’s older sons to testify as to his relationship with his younger half-brothers. The chancellor also noted the guardian ad litem’s concerns in separating the boys. However, the guardian ad litem gave a detailed report justifying her recommendation that Rebecca retain custody of the minor children. The chancellor gave an extensive bench opinion wherein he thoroughly reviewed the
 
 Albright
 
 factors and determined that it was in the best interests of the minor children to remain with Rebecca. We can find no error in his decision.
 

 ¶ 9. Edward also contends that the chancellor erred in failing to consider the half-brothers in creating a visitation schedule. However, the brothers will see each other during Edward’s visitations. Furthermore, the supreme court has deemed court-ordered visitation between half-siblings a matter for the Legislature and has invited the Legislature to expand the rights set forth to siblings.
 
 Scruggs v. Saterfiel,
 
 693 So.2d 924, 926 (Miss.1997). We find no merit to this assignment of error.
 

 ¶10. THE JUDGMENT OF THE PONTOTOC COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 .
 
 Albright v. Albright,
 
 437 So.2d 1003 (Miss.1983).