# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00938-COA

**BRANDON L. HOLCOMB**                                                    **APPELLANT**

v.

**MEGAN H. HOLCOMB**                                                       **APPELLEE**

DATE OF JUDGMENT:              04/25/2013
TRIAL JUDGE:                  HON. TALMADGE D. LITTLEJOHN
COURT FROM WHICH APPEALED:    PRENTISS COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:       JOHN A. FERRELL
ATTORNEY FOR APPELLEE:        AMANDA WHALEY SMITH
NATURE OF THE CASE:           CIVIL - CUSTODY
TRIAL COURT DISPOSITION:      AWARDED CUSTODY OF MINOR
                              DAUGHTER TO APPELLEE
DISPOSITION:                  AFFIRMED – 11/04/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND CARLTON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.    Brandon H. Holcomb appeals the custody decision rendered by the Prentiss County Chancery Court, awarding custody of his biological minor daughter, Exie Holcomb, to her biological mother, Megan Holcomb. The sole issue on appeal is whether the chancellor erred in awarding custody of Exie to Megan instead of to Brandon.

¶2.    Finding no reversible error, we affirm.

FACTS

¶3.    Exie was born to Brandon and Megan on July 14, 2010. Brandon and Megan married

on April 9, 2011. This was Megan's third marriage and Brandon's first. Megan has two other children, one from each of her previous marriages, and she has custody of both of them: Emma, born July 15, 2008, and Alden, born May 24, 2004. Brandon and Megan separated on August 9, 2012. Prior to the end of their marriage, Megan began an affair with another man.

¶4. Brandon filed a complaint for divorce and custody on September 10, 2012, requesting a divorce from Megan on the ground of adultery, and custody of Exie. On October 18, 2012, Megan filed an answer and counter-complaint for divorce and custody of Exie. The parties agreed to a temporary order, which, among other things, granted custody of Exie to Megan pending trial. After a trial on the merits, the chancellor rendered his opinion, granting Brandon a divorce from Megan on the ground of adultery and, following an on-the-record *Albright*[1] analysis, granted Megan custody of Exie, with visitation to Brandon.

¶5. Feeling aggrieved, Brandon now appeals.

## DISCUSSION

¶6. Brandon asserts that the chancellor erred in his analysis of the *Albright* factors. "The standard in child custody cases is rather limited. We reverse only if a chancellor is manifestly in error or has applied an erroneous legal standard." *Clay v. Clay*, 837 So. 2d 215, 217 (¶7) (Miss. Ct. App. 2003). "The chancellor has the sole responsibility to determine the credibility of witnesses and evidence, and the weight to be given each. In custody matters,

---

[1] *Albright v. Albright*, 437 So. 2d 1003 (Miss. 1983).

we, as an appellate court, shall not disturb the decisions of chancellors unless it is clear that justice and the law require us to do so." *Id*. (internal citations omitted). "The polestar consideration in child-custody cases is the best interest and welfare of the child." *Albright v. Albright*, 437 So. 2d 1003, 1005 (Miss. 1983).

¶7. Specifically, Brandon asserts that the chancellor did not give proper weight to the fact that Megan had committed adultery and its effect on Exie. He also asserts that her actions indicate a pattern of selfish behavior. Brandon further points out that Megan's family members testified that Brandon would take good care of Exie if he were awarded custody. On the other hand, Megan argues that while she did commit adultery, there was no evidence to show that her behavior had any negative impact on Exie.

¶8. For the sake of being thorough, we review the chancellor's finding with respect to each of the *Albright* factors.

I.    *Age, Health, and Sex of Exie*

¶9. The chancellor found that this factor favored the mother and mentioned the tender-years doctrine in support of his findings. Brandon takes issue with the tender-years doctrine, asserting that he cares for Exie as well as Megan, if not better. In *Mercier v. Mercier*, 717 So. 2d 304, 307 (Miss. 1998), the Mississippi Supreme Court, citing *Albright*, 437 So. 2d at 1005, held that "[t]oday, the age of a child is simply one of the factors that [courts] consider in determining the best interests of the child." The chancellor noted that Megan is the primary caretaker of Exie, who is two and a half years old and that Megan takes care of Exie's speech therapy and doctors' appointments, among other things. Brandon admits that

Exie needs the speech therapy. While Brandon may be correct in his assertion that he can take as good care of Exie as can Megan, we cannot find that the chancellor was manifestly in error or has applied an erroneous legal standard in holding that this factor favors Megan.

*II.* *Continuity of Care*

¶10. The chancellor also found that this factor favored Megan. He noted that Megan was a stay-at-home mom after Exie was born and continues to be the primary caretaker. Brandon takes issue with the chancellor's statement that—"there's a very sensible dissent in [*Brekeen*]"[2]—for support that the court can consider the continuity of care before and after the separation when considering this factor. Brandon also points out that a delay occurred in being heard on the merits and that during the delay Megan continued to have physical custody of Exie. He argues that he should not be prejudiced because of the delay. In a nutshell, Brandon's argument is that Megan was able to have continuity of care with Exie because of Megan's abrupt departure with Exie and the delay in having a trial on the merits. He reasons that Megan should not be able to benefit from these two events. We see nothing in the chancellor's ruling that suggests that is the case. While the chancellor did cite to the dissent in *Brekeen*, we are satisfied that the chancellor knows that a dissent in a case is not the holding of the court and did not rely upon the dissent in deciding this factor in favor of Megan. Even if Megan had not abruptly left with Exie after the parties separated, there is no evidence that but for this occurrence, Brandon would have experienced the continuity of

_____

[2] *Brekeen v. Brekeen,* 880 So. 2d 280, 287 (¶23) (Miss. 2004) (Randolph, J., dissenting).

4

care with Exie, as he did not have primary custody of her when Megan left suddenly. Moreover, he agreed for Megan to have temporary custody pending the resolution of the divorce and custody.

### III.    *Parenting Skills*

¶11.    The chancellor found the parenting skills to be equal between Brandon and Megan. Brandon disagrees and explains that Megan's first two children were raised by other family members. The record reflects that Megan's family helped, but Megan has been the primary caretaker for all of her children, including Exie. The chancellor noted that "[i]t's uncontradicted here that Brandon is a good father." During her testimony, Megan agreed that Brandon is a good father. Nevertheless, it is the chancellor's call as to whom custody of a minor child will be entrusted, even when all things are equal between the parents. We do not find error in the chancellor's analysis of this factor.

### IV.    *Employment*

¶12.    The chancellor found that the employment factor favored Brandon, as he is "the working parent," but also noted that when Megan worked, she had family to take care of the children. Ultimately, the chancellor found that both parents had equal employment responsibilities. We cannot disagree. While help from the family allows Megan to work, Brandon clearly benefits from the steady employment and has the resources to find adequate care for Exie during the hours that he is at work. We cannot say the chancellor's findings with respect to this factor were manifestly erroneous.

### V.    *Physical and Mental Health and Age of Parents*

5

¶13. The chancellor found this factor to be equal between Megan and Brandon. However, Brandon disagrees and asserts that "one must certainly question [Megan's] emotional stability." Brandon makes a bare assertion, however, and points to no medical evidence supporting his accusation. "The law is well established in Mississippi that [an appellate court] is not required to address any issue that is not supported by reasons and authority." *Varvaris v. Perreault*, 813 So. 2d 750, 753 (¶6) (Miss. Ct. App. 2001). Accordingly, we find no fault with the chancellor's findings with respect to this factor.

### VI. Emotional Ties of the Parent and Child

¶14. The chancellor found this factor favored Megan. Brandon asserts that there was no proof that the child felt more secure or more loved by one parent over the other. Here, the chancellor found that this factor is "just barely in favor of the mother." After our review of the record, we cannot find this finding is manifestly erroneous.

### VII. Moral Fitness

¶15. The chancellor found that this factor favored Brandon. Brandon agrees. However, he takes issue with the chancellor's failure to weigh the morality factor more heavily in awarding physical custody of Exie. The chancellor cited *Brekeen,* but not the dissent, to support his belief that he cannot place too much weight on this one factor. Megan does not respond to this factor. Considering the facts, we find no error in the chancellor's findings.

### VIII. Home, School, and Community Record

¶16. The chancellor determined that this factor favored Megan and pointed to her other two children's success in school. Brandon argues that Megan cannot be credited for that, as she

has not raised them. Brandon has not provided any authority to contradict this finding. Therefore, we need not address this issue. *Varvaris,* 813 So. 2d at 753 (¶6). Accordingly, we cannot find that the chancellor erred in his conclusion.

### IX. *Stability of the Home Environment*

¶17. The chancellor found that this factor favored Brandon, and Brandon agrees. We agree with the chancellor's findings that "[Brandon has] done a good job in providing and making [a home] possible."

### X. *Other Factors*

¶18. The chancellor stated his unwillingness to separate Exie from her siblings. Brandon argues that the chancellor erred in weighing this factor too heavily. Brandon also argues that the chancellor failed to consider the fact that these siblings have been separated for most of their lives. Megan cites *Sparkman v. Sparkman*, 441 So. 2d 1361, 1363 (Miss. 1983), where the Mississippi Supreme Court indicated that "in the absence of some unusual and compelling circumstance dictating otherwise, it is not in the best interest of [siblings] to be separated." Here, Exie and her siblings have grown up together, and witnesses testified about the strong bond among the children. We agree that this is an important factor to consider. After reviewing the record, we fail to see any unusual and compelling reason to separate the children. Therefore, we find no error in the chancellor's findings.

¶19. For the foregoing reasons, we affirm the grant of custody of Exie to Megan.

¶20. **THE JUDGMENT OF THE PRENTISS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**