304 So.2d 636 (1974)
WESTINGHOUSE CREDIT CORPORATION
v.
DEPOSIT GUARANTY NATIONAL BANK and Charles E. Watts.
No. 47816.
Supreme Court of Mississippi.
December 23, 1974.
W.D. Kendall, Jackson, for appellant.
Appellee did not file brief.
ROBERTSON, Justice:
The appellant, Westinghouse Credit Corporation, appeals from a final decree of the Chancery Court of the First Judicial District of Hinds County wherein the court denied appellant's claim to a first lien on a 1965 Skyline "Buddy" mobile home, by virtue of its retail installment contract with the original purchaser, Betty J. Vaughn. The same mobile home had been sold several times with the last bill of sale being to Charles E. Watts, who thus ended up with title and possession.
The final decree impressed a lien on the mobile home in favor of the Deposit Guaranty National Bank and found that Charles E. Watts was entitled to a credit of $220 *637 against the indebtedness to Deposit Guaranty. Court costs were assessed equally against Westinghouse and Watts.
The appellant filed a brief and assignment of error in this Court on November 5, 1973, and certified that a copy of each was mailed to the attorney for Deposit Guaranty and the attorney for Watts on November 5, 1973. Neither of the appellees has filed a brief in this Court.
On November 19, 1973, H.A. Courtney, Attorney of Record for appellee, Deposit Guaranty National Bank, wrote the clerk of this Court:
"Since the lien claimed by the Appellee in this case has been satisfied and Appellee no longer has an interest in the case, no brief will be filed on behalf of Appellee, Deposit Guaranty National Bank."
The failure of the appellees to file briefs in this Court is tantamount to a confession of error and will be accepted as such. See Jackson v. Walker, 240 So.2d 606 (Miss. 1970); Charles F. Hayes & Associates, Inc. v. Blue, 233 So.2d 127 (Miss. 1970); Burt v. Duckworth, 206 So.2d 850 (Miss. 1968); United States Fidelity & Guaranty Co. v. State, for Use and Benefit of Tompkins, 204 So.2d 852 (Miss. 1967).
Since the appellant's brief makes out an apparent case of error, we do not regard it as our obligation to look to the record to find a way to avoid the force of the appellant's argument.
The judgment of the lower court is, therefore, reversed and judgment is rendered here for the appellant, impressing a first lien on the 1965 Skyline "Buddy" Mobile Home, 50 feet by 10 feet, Manufacturer's serial number BR XXXX-XXXXX.
Reversed and rendered.
GILLESPIE, C.J., and SMITH, SUGG and BROOM, JJ., concur.