430 So.2d 848 (1983)
Bobby PRICE
v.
Doris PRICE.
No. 54197.
Supreme Court of Mississippi.
April 27, 1983.
David Oliver, Gulfport, for appellant.
No briefs filed by appellee.
Before BROOM, HAWKINS and DAN M. LEE, JJ.
*849 DAN M. LEE, Justice, for the Court:
This is an appeal from the Chancery Court of Harrison County wherein Bobby Price, appellant, filed his bill of complaint for divorce on the ground of irreconcilable differences. Doris Price, appellee, answered the bill denying that the chancery court had jurisdiction to render the relief prayed for, denying the general allegations thereof, and also asserting a divorce action between the parties was pending in the 173rd District Court of Henderson County, Texas. Thereafter, Bobby Price moved to amend his bill of complaint, which was overruled. An interlocutory decree was entered accordingly. Bobby Price has appealed to this Court and assigns as error the refusal of his motion to amend his bill of complaint. We reverse.
On April 5, 1982, appellant filed a bill of complaint for divorce on the ground of irreconcilable differences pursuant to Mississippi Code Annotated section 93-5-2 (Supp. 1981). On April 6, 1982, appellee entered a waiver of process. A property settlement agreement executed by both parties was also filed in the cause on this same day.
On May 24, 1982, appellee filed an answer in the cause denying that the chancery court had jurisdiction to render a decree for divorce in the cause because neither party had ever been a resident of Harrison County. Appellee also denied each and every allegation contained in the bill for divorce and averred a divorce action between the parties was then pending in the 173rd District Court of Henderson County, Texas. Thereafter, appellant filed a motion to amend his bill of complaint for divorce which was subsequently overruled, and an interlocutory decree entered accordingly.
Did the chancellor err in overruling appellant's motion to amend his bill of complaint for divorce?
Appellee has failed to file a brief in this cause with this Court. Her failure to do so is tantamount to confession of error. See State v. Maples, 402 So.2d 350 (Miss. 1981); Mississippi State Highway Commission v. Hurst, 349 So.2d 545 (Miss. 1977); Green v. Green, 317 So.2d 392 (Miss. 1975); Westinghouse Credit Corp. v. Deposit Guaranty National Bank, 304 So.2d 636 (Miss. 1974); Transcontinental Gas Pipe Line Corp. v. Rogers, 284 So.2d 304 (Miss. 1973); Burt v. Duckworth, 206 So.2d 850 (Miss. 1968); and Lawler v. Moran, 245 Miss. 301, 148 So.2d 198 (1963).
Mississippi Rules of Civil Procedure 15(a) provide as follows:
(a) Amendments. A party may amend his pleading as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty days after it is served. On sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), or for judgment on the pleadings, pursuant to Rule 12(c), thirty days leave to amend shall be granted, provided matters outside the pleadings are not presented at the hearing on the motion. Otherwise a party may amend his pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.
The rule clearly contemplates that leave of court upon motion of a party to amend his pleading "shall be freely given when justice so requires."
When a party proposes to amend his pleading, he should ordinarily make known to the trial court the substance of his proposed amendment. In the absence of such, this Court has heretofore held that error could not be predicated thereon. See Watts v. Patton, 66 Miss. 54, 5 So. 628 (1889). We also comment on the chancellor's failure to assign any reason for the denial of appellant's motion to amend his pleading. Where no reason is assigned as *850 grounds for the denial of a motion to amend a pleading, this Court has no guide whereby it can determine if a trial court has abused its discretion. This Court is then left in a dilemma wherein reversible error becomes a possibility if not a probability even though the trial court's reasoning might have been a proper exercise of its judicial discretion.
Because appellee failed to file a brief in this cause and we cannot say with confidence after considering the record and brief of appellant that there was no error, we reverse the decree of the chancery court and remand the cause with leave of court being granted unto appellant to amend his pleadings.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.