BLASS, Justice,
for the Court:
Henry Leo Rothschild, appellant here and respondent below, and Sandra Fine Rothschild Hermann, appellee here and petitioner below, were married in 1961 in New Orleans, Louisiana. Six children have been born, issue of the marriage. Mrs. Rothschild’s son, Hal Anthony, issue of a previous marriage, was adopted by Mr. Rothschild. Later, while the family was living in Lauderdale County, Mississippi, Mrs. Rothschild sued Mr. Rothschild and was granted a divorce on or about the 25th of May, 1973. Mrs. Rothschild was given custody of the children and Mr. Rothschild was required to pay child support in the amount of $300 per month. On August 14, 1974, Mr. Rothschild was found in contempt of court for failure to pay the child support required and the court ordered him to pay $1300 at that time and to continue to pay the $300 per month until all of the children were emancipated. He was also required to keep hospitalization insurance for the children in force and to be responsible for one-half of all dental, drug and hospital bills not covered by that policy.
Everyone moved away from Mississippi. Mr. Rothschild moved to Texas and Mrs. Rothschild, now Mrs. Hermann, has lived in New Orleans and in Mobile, Alabama, since that time. She now resides in Alabama. All of the children except three were over the age of eighteen by October 14, 1983.[1] The three younger children had been adopted by Mrs. Hermann’s present husband.
On November 7, 1985, Mrs. Hermann, filed a petition in the Chancery Court of Lauderdale County to determine the amount of arrearage and child support and to have Mr. Rothschild adjudged to be in *265 contempt of court. She sought a judgment of $33,000 for child support and asked that her former husband be held in contempt of court for failure to comply with the earlier decree of August 14, 1974. The petition acknowledged that all but one of the minor children had been legally adopted by Mr. Hermann on June 18, 1979, and that the one who had not been adopted attained the age of eighteen on October 14,1983. Summons was served on Mr. Rothschild by certified mail. None of the parties was residing in Mississippi and there were no children requiring support at the time the action was filed. The petition was filed in Lauderdale County.
The court found Mr. Rothschild in contempt, both civilly and criminally, ordered that he be incarcerated in the Lauderdale County Jail until he purged himself of contempt by paying into the court $33,150 for child support arrearage and $17,686 for medical expense arrearage. From this judgment the appellant has perfected an appeal to this Court. The appellee has filed no brief.
The appellant raises some ten issues which we believe could be consolidated and reduced to approximately five points. Among these issues is the question of the court’s jurisdiction over the respondent Rothschild and the question of the court’s jurisdiction over the subject matter in this instance. None of the parties resided in Mississippi and none had resided in Mississippi for a number of years. Rothschild, the respondent, was a resident of Texas and had not been a resident of this state, as stated, for many years. There may be doubt as to whether the Mississippi court had jurisdiction under the circumstances. Kulko v. Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), reh. den. 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978).
The appellant contends that the children themselves were the beneficiaries of the order for child support and that only they could properly bring the action for it under these circumstances, citing Wilson v. Wilson, 464 So.2d 496, 498 (Miss.1985). The appellant also raises questions with respect to the accuracy of the calculations whereby the amounts involved were determined.
The appellant’s brief raises several issues and makes at least arguable charges of error. Under these circumstances, it is not the obligation of this Court to exhaustively study the record and research the authorities, and, in effect, brief the matter on behalf of the appellee in an effort to avoid the force of the appellant’s argument. The failure of the appellee to file briefs in this Court has been held by this Court to amount to confession of error, unless the reviewing court can say with confidence, after considering the record and brief of the appealing party, that there was no error. Westinghouse Credit Corporation v. Deposit Guaranty National Bank, 304 So.2d 636 (Miss.1974); State v. Maples, 402 So.2d 350 (Miss.1981); Bobby Price v. Doris Price, 430 So.2d 848 (Miss.1983); Dethlefs v. Beau Maison Development Corporation, 458 So.2d 714 (Miss.1984). This Court cannot say with confidence that there is no error here, and accordingly, the case is reversed and rendered.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.

. We do not, of course, hold the age of majority in Mississippi has been changed.