Linda Riser is the former wife of Don Peterson and the mother of two minor children who are in the custody of Peterson. Riser was ordered by the Chancery Court of Madison County to pay the sum of $150.00 per month in child support to Peterson for the use and benefit of the two minor children.
Peterson filed a Petition for Citation of Contempt against Riser for failure to pay child support and a hearing was held on August 3, 1988. At that hearing the chancellor found that Riser had not made any payments from June 1, 1985, to April 1, 1988, and awarded a judgment to Peterson in the amount of $4,800.00, plus interest.
The chancellor further found that Riser's failure to pay was willful and held her in civil contempt of court and ordered her to be placed in the Madison County Jail. Incarceration was suspended and the cause continued until September of 1988, at which time the chancellor scheduled a hearing to determine if Riser had complied with the court order by that date. If Riser had failed to purge herself of contempt by that time, the suspension was to be withdrawn.
At the August hearing Riser had offered no evidence of inability to pay the child support.
At the hearing on September 2, 1988, Riser did not assert that she had paid the judgment but did attempt to put on evidence of her inability to pay as of September 2 as a defense not to the contempt but to incarceration.
The chancellor interrupted the examination of Riser and stated that he had already determined at the first hearing the question of her ability to pay and that the purpose of the September hearing was to find out if she had paid or not and nothing else. Foreclosed from establishing any proof of inability to pay and unable to present proof that the judgment had been paid, Riser was ordered incarcerated in the Madison County Jail.
We do not know how to over-emphasize that the law in Mississippi is INABILITY TO CURRENTLY DISCHARGE AN OBLIGATION IN A CIVIL CONTEMPT CASE IS A DEFENSE TO A JUDGMENT OF CONTEMPT. The defendant does have the burden of proving inability to pay and that showing must be in particular terms. Newell v. Hinton,556 So.2d 1037 (Miss. 1990).
On appeal, Riser alleges that she was entitled to show her inability to pay at the hearing on September 2. Peterson argues that Riser's obligation to show inability to pay, if in fact she chose that as a defense, had to have been shown at the first hearing in which she was found to be in contempt.
Peterson is wrong. Inability to pay to avoid incarceration is a continuing defense as imprisonment does not accomplish the purpose of the civil contempt decree. It merely punishes. Had Riser failed to put on proof of inability to pay at the August hearing and the chancellor ordered her incarcerated immediately, Riser would have no legal grounds to complain. However, had she been incarcerated in August and in September petitioned the Chancery Court of Madison County to be released from incarceration on the basis of inability to pay the judgment, and had she made a substantial case as required by law of her inability to pay, she would have been entitled to release.
When the chancellor suspended the incarceration part of his August order of incarceration and granted Riser until September to pay the judgment, the suspension carried with it the right of Riser prior to the hearing to determine whether or not she should be incarcerated and an opportunity to again offer proof on the defense to the incarceration of inability to pay. It was reversible error for the chancellor to refuse to hear this proof. Even if Riser was already *Page 212 
committed to jail, she would still be entitled to be discharged on proof of inability to pay. Smith v. Smith, 545 So.2d 725
(Miss. 1989); Jones v. Hargrove, 516 So.2d 1354, 1357 (Miss. 1987).
In Newell v. Hinton, 556 So.2d 1037 (Miss. 1990), the chancellor granted summary judgment against Newell and ordered her confinement to jail until she paid the amount owed, but the order of incarceration was suspended for sixty days. We reversed the finding of civil contempt and stated the following:
 In the case sub judice, although the chancellor may have been correct in granting summary judgment on the issue of contempt, he should have given Newell a meaningful opportunity to present her defense as to payment of the attorneys' fees. There should have been a careful examination of her present ability to pay. It does not matter that the chancellor suspended his order of incarceration for sixty days giving Newell the time to satisfy the judgment. If she had failed to pay the amount within this time period, according to the chancellor, she would go to jail. And, she would remain in jail until she purged herself of the contempt. This was wrong.
 * * * * * *
 Therefore, we must remand this case so that the chancellor can determine if Newell has the ability to reimburse Hinton as well as pay his attorneys fees in defending this case. . . . (Emphasis added).
Id. at 1045.
For the benefit of the bench and bar, let us attempt to state clearly that a litigant may be incarcerated for civil contempt for failure to pay a judgment but THAT LITIGANT IS ALWAYS ENTITLED TO OFFER EVIDENCE OF INABILITY TO PAY AS A DEFENSE, NOT TO THE CONTEMPT, but to the incarceration.
The order of incarceration is reversed and this cause is remanded for a hearing before the chancellor to determine Riser's present ability to pay the obligation.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.