627 So.2d 823 (1993)
Kathy Greer East GEBETSBERGER
v.
Ray Ronald EAST, Jr.
No. 92-CA-0461.
Supreme Court of Mississippi.
December 2, 1993.
*824 V.T. Vallas, Jackson, for appellant.
No Brief for appellee filed.
Before PRATHER, P.J., and SULLIVAN and JAMES L. ROBERTS, Jr., JJ.
JAMES L. ROBERTS, Jr., Justice, for the Court:
On March 16, 1992, a Family Master appointed by the Rankin County Chancery Court held a hearing on the motion by Kathy Greer East Gebetsberger ("Kathy") to cite her ex-husband Ray Ronald East, Jr. ("Ray") for contempt for his failure to pay child support. On March 23, the court found that Ray owed $7,400 in child support for the period of March 1989 to March 1992, in addition to a $3,268 arrearage from prior years. Ray was held in contempt of court, and ordered to seek employment. Kathy's petition for rehearing, seeking Ray's incarceration for his contempt, was denied. Finding no error in the chancellor's decision not to incarcerate Ray, we affirm.

A.

Facts and Procedural History
Kathy was granted a divorce from Ray in the Rankin County Chancery Court on August 6, 1974. She was given custody of their daughter Sharon, born in 1971, and Ray was ordered to pay $100.00 per month in child support.
An order dated March 19, 1985, found that Ray was $8,500 behind in his support payments. Several judgments of contempt followed in May, July, and October of 1985, and *825 May of 1989. The court twice ordered Ray incarcerated until he purged himself of contempt. On December 24, 1991, Kathy filed a motion to cite Ray once again for contempt, alleging that his current arrearage in child support payments was $8,499.35. She requested that Ray be incarcerated.
On March 16, 1992, a hearing was held before a Family Master. Ray testified that his failure to pay support was due to the fact that he had not worked since 1985. He explained that a back injury had forced him to quit his job driving and loading trucks, and had prevented him from returning. Ray stated that he had entered one vocational rehabilitation program in Brandon, Mississippi, and another in Alabama, but had completed neither; he stated that he had attempted, unsuccessfully, to find work through the Veteran's Administration, and through an employment agency. Ray testified that he owned no home, property or vehicle, and that he was supported by his current wife.
Kathy testified Ray had paid no support since 1989, and had not kept her apprised of his whereabouts. She testified that Sharon was currently attending junior college, and was not emancipated; Kathy stated that she subsidized her daughter's living and educational expenses in the amount of $800.00 per month.
On March 23, 1992, the Court issued a judgment finding that Ray had failed to pay child support from March 1, 1989 through March 16, 1992, resulting in an arrearage of $7,400.00. The Court also found that Ray had failed to purge himself of a $3,268.80 judgment for which he had been held in contempt on May 15, 1989. The Court found Ray in contempt, and awarded a judgment against him for the $7,400.00 and $3,268.80 debts, plus $500.00 in attorneys fees and $89.00 for court costs. The Court admonished Ray for his conduct, and ordered him "to make all efforts to obtain suitable and gainful employment."
Kathy filed a petition for rehearing on April 2, 1992, citing the failure of the Family Master to incarcerate Ray for his contempt. Her petition was denied by the chancellor on April 10, 1992, and she appealed the judgment to this Court.

B.

Discussion of Issue

THE RANKIN COUNTY CHANCERY COURT WAS MANIFESTLY WRONG IN NOT INCARCERATING THE APPELLEE FOR HIS WILLFUL AND CONTUMACIOUS CONTEMPT IN FAILING TO PAY ANY AMOUNT WHATSOEVER IN CHILD SUPPORT FOR THE CHILD SHARON EAST
Miss. Code Ann. (1972) § 9-1-17 (Supp. 1992) provides that all state courts are empowered to punish any person guilty of civil contempt by fine and imprisonment:[1]
The supreme, circuit, chancery and county courts shall have power to fine and imprison any person guilty of contempt of the court while sitting, but the fine shall not exceed one hundred dollars for each offense, nor shall the imprisonment continue longer than thirty days. If any witness refuse to be sworn or to give evidence, or if any officer or person refuse to obey or perform any rules, order, or judgment of the court, such court shall have power to fine and imprison such officer or person until he shall give evidence, or until the rule, order, or judgment shall be complied with.
Therefore, the chancellor had the option of incarcerating Ray until such time as he purged himself of contempt; i.e., discharged his debt, or some given part thereof. However, the contempt judgment entered against Ray did not provide for imprisonment.
Kathy's complaint is not that the chancellor failed to find Ray in contempt of court, but that having found Ray in contempt, *826 the chancellor failed to incarcerate him. However, nothing in the applicable statutes or this Court's decisions requires that a chancellor incarcerate any person found in contempt of court. Miss. Code Ann. (1972) § 9-1-17 provides that all state courts "shall have the power to fine and imprison any person guilty of contempt" (emphasis added), but does not mandate that such person be imprisoned.
We regard the determination of punishment for contempt  fine, imprisonment, both, or neither  as within the discretion of the chancellor. This Court will not reverse decisions entrusted to the discretion of the chancellor, absent manifest error or application of an erroneous legal standard. Smith v. Smith, 607 So.2d 122, 126 (Miss. 1992); Bowers Window and Door Co., Inc. v. Dearman, 549 So.2d 1309 (Miss. 1989). We find no such error in the chancellor's decision not to imprison Ray, and affirm.

C.

Burden of Proof
While we affirm the chancellor's decision, we write to clarify procedure in contempt cases. The record reveals some inconsistency between the judge's findings at trial and his final judgment; it also suggests that the judge may have misallocated the burden of proof.
This Court has many times stated that even where there has been established a prima facie case of contempt, the defendant may avoid judgment of contempt by establishing that he is without present ability to discharge his obligation. If the contemnor raises this as a defense, he has the burden of proving his inability to pay, and such showing must be with particularity and not in general terms. Newell v. Hinton, 556 So.2d 1037, 1042 (Miss. 1990). See also Caldwell v. Caldwell, 579 So.2d 543, 546 (Miss. 1991); Riser v. Peterson, 566 So.2d 210, 211 (Miss. 1990); Jones v. Hargrove, 516 So.2d 1354, 1457 (Miss. 1987); Clements v. Young, 481 So.2d 263, 271 (Miss. 1985).
Therefore, in the case at bar, the burden of proof was properly on Ray to demonstrate with particularity his inability to pay the judgment against him. It appears that the judge thought the burden of proof was on Kathy to show that Ray had the ability to pay, and that because she failed to carry that burden, he could not find Ray in contempt and incarcerate him. The judge stated at the close of trial:
I'm going to have to find, of course, that you didn't have the funds to do it, because the proof isn't here to do that with. But I want to admonish you this, if there had been some iota of proof that you had made some, you would not be going back to Texas today, you would be going to the Rankin County jail ...
I think the proof falls short of his inability to  or falls short of his ability to pay. So the Court's not going to hold him in contempt, but is going to render a judgment in this matter for the amount prayed for ...
And I'm not at all pleased with the decision that I'm having to make today, I can assure you of that, and wish the law provided me an opportunity to make a different decision, because I would put him in jail today if the law provided that. But that's not what's happened.
It may be said that in misallocating the burden of proof in this case, the judge applied an erroneous legal standard. Had the judge failed to find Ray in contempt as a result of this erroneous application, it would have been appropriate to reverse and remand the case for a new hearing.
However, the judgments issued March 23 and April 10, 1992 did find Ray to be in contempt of court, although no incarceration was ordered. The following question arises: does it matter that the judge, while ultimately finding Ray in contempt, misapplied the burden of proof at trial, requiring Kathy to show Ray's ability to pay, rather than requiring Ray to show his inability to pay? That is, does it matter that the court reached a permissible result  a finding of contempt, without incarceration  while applying an erroneous legal standard?
This Court has held that where correct result is reached, based on an erroneous *827 reason, the result will be upheld. "That the chancellor may have traveled the wrong route does not require reversal so long as he reached the proper destination." Rawls v. Parker, 602 So.2d 1164, 1170 (Miss. 1992). See also Patel v. Telerent Leasing Corp., 574 So.2d 3, 6 (Miss. 1990); Bell v. Bell, 572 So.2d 841, 846 (Miss. 1990).
On this principle, we affirm the judgment of the court below. The chancellor, while possibly misallocating the burden of proof, reached a permissible result: finding Ray in contempt of court, but not incarcerating him. The decision to incarcerate a contemnor is within the discretion of the chancellor, and we decline to disturb his judgment.
AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, McRAE and SMITH, JJ., concur.
PITTMAN, J., dissents with separate written opinion, joined by BANKS, J.
PITTMAN, Justice, dissenting:
I respectfully dissent to the majority's opinion. The burden of proof utilized by the lower court was incorrectly applied so that Ray East failed to demonstrate with sufficient evidence his inability to pay child support to his daughter, Sharon. Furthermore, East's failure to file a brief in this appeal is tantamount to admitting error. Rothschild v. Hermann, 542 So.2d 264, 265 (Miss. 1989); Price v. Price, 430 So.2d 848, 849 (Miss. 1983); Westinghouse Credit Corp. v. Deposit Guaranty Nat'l Bank, 304 So.2d 636, 637 (Miss. 1974).
A brief history of the case sub judice reveals that Ray East was found in contempt some five times for his failure to pay his child support obligation to Sharon. In addition, the court twice ordered Ray incarcerated until he purged himself of contempt. While the record contains testimony by Ray as to his disabilities and the resulting inability to work, it does not reflect any attempts by Ray to secure disability benefits. The record also reveals the fact that Ray was supported by his second wife.
Section 9-1-17 of Mississippi Code Annotated provides that all state courts are empowered to punish any person guilty of civil contempt by fine and/or imprisonment:
The supreme, circuit, chancery and county courts shall have the power to fine and imprison any person guilty of contempt of the court while sitting, but the fine shall not exceed one hundred dollars for each offense, nor shall the imprisonment continue longer than thirty days. If any witness refuses to be sworn or to give evidence, or if any officer or person refuse to obey or perform any rules, order, or judgment of the court, such court shall have the power to fine and imprison such officer or person until he shall give evidence, or until the rule, order, or judgment shall be complied with.
Miss. Code Ann. § 9-1-17 (1972).
This Court has, on numerous occasions, stated that even when a prima facie case of civil contempt has been established, "the defendant may avoid the judgment of contempt by establishing that he is without the present ability to discharge his obligation. Where the person in contempt asserts inability as a defense, he carries the burden of proving his inability to pay, and such showing must be with particularity and not in general terms". Newell v. Hinton, 556 So.2d 1037, 1044 (Miss. 1990). See also Caldwell v. Caldwell, 579 So.2d 543, 546 (Miss. 1991); Riser v. Peterson, 566 So.2d 210, 211 (Miss. 1990); Jones v. Hargrove, 516 So.2d 1354, 1457 (Miss. 1987); Clements v. Young, 481 So.2d 263, 271 (Miss. 1985). Moreover, where a party is unable to comply with a decree, this should promptly be made known to the court by proper petition. Failing to do this triggers the obligation of presenting and making out a clear case of inability. Duncan v. Duncan, 417 So.2d 908, 909 (Miss. 1982), citing Redding v. Redding, 167 Miss. 780, 150 So. 776 (1933).
This Court will not reverse a decision that is within the chancellor's discretion absent manifest error or application of an erroneous legal standard. Smith v. Smith, 607 So.2d 122, 126 (Miss. 1992); Bowers Window & Door Co. v. Dearman, 549 So.2d 1309 (Miss. 1989). Moreover, this Court has specifically held that "the factual findings of the chancery *828 court in a civil contempt case are affirmed unless manifest error is present and apparent." Caldwell v. Caldwell, 579 So.2d at 545, citing Premeaux v. Smith, 569 So.2d 681, 683 (Miss. 1990).
The record reveals certain inconsistencies between the findings during the trial and the findings contained in the chancellor's final judgment. To begin with, the chancellor appeared uncertain as to who was to carry the burden of proof in the contempt proceeding:
I'm going to have to find, of course, that you didn't have the funds to do it, because the proof isn't here to do that with. But I want to admonish you this, if there had been some iota of proof that you had made some, you would not be going back to Texas today, you would be going to the Rankin County jail... .
I think the proof falls short of his inability to  or falls short of his ability to pay. So, the Court's not going to hold him in contempt, but is going to render a judgment in this matter in the amount prayed for... .
The Court is going to, in the order, admonish the natural father to make some other concentrated efforts to get a job, part-time, whatever.
And if this same type of circumstances comes before this Court again, and with no more proof shown than that you've made some efforts to do something, like disability or whatever  even if you've got a disability. Employ a lawyer to get a disability payment. Then the child would get some disability payment claims. And I'm not at all pleased with the decision that I'm having to make today, I can assure you of that, and wish the law provided me an opportunity to make a different decision, because I would put him in jail today if the law provided that.
Kathy East argues on appeal that Ray failed to demonstrate with particularity why he could not pay his obligation of child support. The law is clear that the defendant in contempt proceedings must show with particularity why he is unable to discharge his obligation. Riser v. Peterson, 566 So.2d 210, 211 (Miss. 1990). "The burden was on the appellant to purge himself of the contempt by showing that he had complied with the decree, was unable to do so, or impossibility of performance." Duncan, 417 So.2d at 910, citing Rainwater v. Rainwater, 236 Miss. 412, 110 So.2d 608 (1959). This, Ray East, Jr., did not do. While a defendant is always entitled to offer evidence of his inability to pay as a defense to incarceration, he is not permitted to do so once he had been found to be in contempt. Riser v. Peterson, 566 So.2d at 212. Although the sole issue appealed is the Chancellor's failure to incarcerate Ray East, and the relevant statute does not mandate incarceration, the discretion of the Chancellor must be examined in its entirety. The Chancellor's decision leaves the minor child without a remedy as regarding child support and did not require of Ray East, Jr., proof as to disability other than his own statements. The court did not require substantive proof of disability nor any proof as to whether or not East was due disability payments that might accrue to Sharon's benefit.
From the record, it appears that the Chancellor thought the burden was on Kathy East to demonstrate and prove that Ray had the ability to pay the child support obligation. While it was within the chancellor's discretion to determine that Ray was again in contempt, we must admit that it was also within his discretion to decide not to incarcerate Ray. The determinations to find Ray in contempt while not incarcerating him are perceived by the majority as a permissible result which can thus be affirmed. In support of this result, the majority relies on Rawls v. Parker, 602 So.2d 1164, 1170 (Miss. 1992), which in part holds: "[t]hat the chancellor might have travelled the wrong route does not require reversal so long as he reached the proper destination." Peeples v. Yarbrough, 475 So.2d 1154, 1158 (Miss. 1985); see also Brown v. Gillespie, 465 So.2d 1046 (Miss. 1985). However, because these determinations were grounded on the application of an erroneous legal standard, which is manifest error, the case should be reversed and remanded for further findings as to Ray's inability to pay the child support obligation.
The record in the case sub judice demonstrates that Ray East failed to meet the *829 burden of proof in providing sufficient evidence of his inability to pay the ordered child support to Sharon.
The mere finding that East is in contempt has not in the past and will likely not in the future serve to force East to comply with the court order and support Sharon. The trial judges in this State, in electing whether to utilize incarceration as a form of punishment for judgments of contempt, should either devise other alternatives or enforce contempt orders by incarcerating those in violation of court orders. The statute clearly permits the court below to devise a means for imposing on parents the obligation of paying child support. The court cannot walk away from its responsibility to the minor child any more than the father, Ray East, Jr., can walk away from his responsibility. We should not affirm a trial court decision that offers no hope for the minor child and where the appellee files no brief. The law has not failed, only the court and Ray East, Jr.
BANKS, J., joins this opinion.
NOTES
[1] In domestic cases, citations for contempt tend to be civil, rather than criminal, in nature. See, e.g., Caldwell v. Caldwell, 579 So.2d 543, 545 (Miss. 1991); Riser v. Peterson, 566 So.2d 210, 211 (Miss. 1990); Newell v. Hinton, 556 So.2d 1037, 1044 (Miss. 1990). While the chancellor's order does not so state, we presume that the contempt charge against Ray was civil. Criminal contempt is governed by Miss. Code Ann. (1972) § 9-5-87. See Jones v. Hargrove, 516 So.2d 1354, 1357 (Miss. 1987).