MYERS, J., for the Court.
¶ 1. Larry Eades appeals his incarceration for contempt asserting that the chancellor abused his discretion and committed manifest error in ordering him jailed for civil contempt by failing to consider his inability to pay.
STATEMENT OF FACTS
¶ 2. Larry and Kathy Eades were married for fourteen years. The two obtained an irreconcilable differences divorce in 1998. According to the property settlement agreement, Larry was to pay lump sum and periodic alimony, maintain vari *1039 ous insurance policies for Kathy’s benefit, provide fencing for twenty acres of property, and make payments on a truck and horse trailer. Larry received, pursuant to the settlement agreement, the exclusive use and possession of the marital home and the sixty-three acres upon which it sits, ownership of sixteen horses, a horse trailer, and other personal property.
¶ 3. In early 2000, Larry stopped making the periodic alimony payments and filed a petition for modification of the settlement agreement to eliminate the alimony obligations. He based his petition on the accusation that Kathy was now living with someone and was being cared for by that person. Kathy filed a complaint for contempt alleging that Larry had not provided the fencing and had failed to pay the alimony. The chancellor denied Larry’s request to eliminate the alimony finding that Kathy did not live with, nor was she being provided for by another person. On March 22, 2001, the chancellor ordered Larry to pay the past due alimony and complete the other requirements of the separation agreement.
¶ 4. Larry made the past due payments, but he failed to continue making alimony payments after the March 22 order, failed to provide proof of life insurance on himself for Kathy’s benefit, and failed to provide the fencing. On October 17, Kathy filed another complaint for contempt. Larry never filed a response alleging his inability to pay. The chancellor found him in contempt on November 16. Larry was ordered to pay $15,936 by November 23 or be incarcerated. Larry then filed for bankruptcy protection and initiated this appeal. Kathy sought and was granted the right to have the bankruptcy stay lifted. The chancellor ordered Larry to be incarcerated till he paid the amount owed.
LEGAL ANALYSIS
¶ 5. In reviewing a citation for contempt, an appellate court must first determine whether the alleged contempt is either civil or criminal in nature. Dennis v. Dennis, 824 So.2d 604, 608(¶ 7) (Miss. 2002). If the purpose of the finding of contempt is to enforce the rights of private litigants or an order of a court, the contempt is civil. Purvis v. Purvis, 657 So.2d 794, 796 (Miss.1994). In this case, the contempt is civil in nature. A finding of civil contempt is subjected to manifest error review. Dennis, 824 So.2d at 608(117).
¶ 6. Larry provided testimony that he was unable to pay the amount owed. A litigant is entitled to offer evidence of an inability to pay as a defense to the incarceration of a civil contempt action. Riser v. Peterson, 566 So.2d 210, 211-12 (Miss.1990). The contemnor has the burden to prove his inability to pay and the showing must be made with specificity and not general terms. Clements v. Young, 481 So.2d 263, 271 (Miss.1985). At the November 2001 hearing,, Larry testified that he was in arrears on the alimony payments and that it was his intention to make the payments when he returned to gainful employment. Larry testified that the downturn in the economy had left him unemployed. The fact is that Larry has been unemployed since 1995. He was unemployed when he agreed to the original property settlement agreement. Larry also testified that he had not made an attempt to get a job from the time he had entered the separation agreement till the present.
¶ 7. Larry also testified there were now twenty horses instead of sixteen, only one of which was originally owned by his new wife, but now, all of which are owned by his new wife. Larry also testified that the house and the land were part of a lease purchase agreement but that he is no long *1040 er the owner of the agreement. His new wife is now the sole owner of the lease purchase agreement on the house and property.
CONCLUSION
¶ 8. We hold that the chancellor considered Larry’s financial situation and committed no manifest error in rejecting Larry’s defense. The chancellor exercised the discretion granted and properly held Larry in contempt.
¶ 9. THE JUDGMENT OF THE CHANCERY COURT OF ITAWAMBA COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.