# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-01290-COA

**DARIAN A. PIERCE**                                                    **APPELLANT**

**v.**

**JAMES "SAM" SORRELLS**                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/28/2022 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DARIAN A. PIERCE (PRO SE) |
| ATTORNEY FOR APPELLEE: | MICHAEL CLAYTON BAREFIELD |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART - 01/02/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     On November 28, 2022, the Lamar County Circuit Court entered an order denying Darian Pierce's motion to set aside a judgment and his motion for sanctions, motion to strike, and motion for a trial "due to novation."  In that same order, the trial court granted James Sorrells' motion for sanctions.  Pierce asserts that the circuit court erred in denying his motions and argues on appeal that he was not properly served with process for the hearing on the motion that resulted in the judgment that he was seeking to set aside.  Further, Pierce claims that he was not in contempt at the time the underlying judgment was entered.

## FACTS AND PROCEDURAL HISTORY

¶2.     On May 11, 2021, a "Final Agreed Order and Judgments" (agreed judgment) was

entered in this case in the Lamar County Circuit Court. The agreed judgment memorialized an agreement that the parties reached in mediation. The agreed judgment stated in part that Sorrells was awarded a judgment against Pierce in the amount of $10,500 to be paid at the rate of $300 per month beginning June 1, 2021, until paid in full. Further, the agreed judgment stated that the agreement would remain confidential and sealed. Finally, the agreed judgment would not be executed upon as long as "the rate of $300, per month [was] paid for thirty-five months."

¶3.     On September 26, 2022, Sorrells filed a "Petition to Unseal Judgment Herein, For Citation of Contempt and Sanctions and Entry of Lump Sum Judgment." In his petition, Sorrells claimed that Pierce made twelve payments of $300 each but failed to make any monthly payments since May 2022. Sorrells requested that the judgment be immediately unsealed and that he be awarded a "Lump Sum Judgment in the sum of $6,900.00." Finally, Sorrells sought an award of "all costs of court, costs of litigation, costs of collection, and attorney fees, in addition to monetary sanctions for contempt. A summons was issued on September 26, 2022, noticing Pierce that the hearing on Sorrell's petition would be held on October 10, 2022 "in the Courtroom of the Honorable Judge Mozingo, Circuit Court Judge, at the Marion County Courthouse at 250 Broad St., Columbia, Mississippi . . . ." Proof of service was filed on September 29, 2022, indicating that Pierce was personally served on September 28, 2022, in Lamar County, Mississippi. Pierce failed to appear at the hearing, and the circuit court entered an "Order of Contempt & Order to Unseal Judgment" on October 11, 2022. Finding that Pierce had violated the terms of the judgment and that he

2

should be found in contempt, the order stated in part:

> IT IS THEREFORE ORDERED AND ADJUDGED the judgment in this matter, filed under seal (Doc #37), is unsealed, and the clerk is directed to enroll the Judgment.
>
> IT IS FURTHER ORDERED AND ADJUDGED Darien Pierce is found in contempt of this Court, and is ordered to be incarcerated until he purges himself of contempt by paying the remaining balance ($5,700) of the Agreed Final Order and Judgment, along with $1500 in additional attorney fees, and court costs of $35, for a total of $7,235.00. Said incarceration is held in abeyance until further order of the court.

¶4. On October 19, 2022, Pierce filed a motion to set aside this order claiming that he had not been properly served with process. He further asserted that he was no longer in contempt because he had paid $1,200 between the date that Sorrells' petition was filed and the hearing on October 10, 2022, and was caught up with his monthly payment obligation. Finally, Pierce contends that while he was behind in his monthly payments, he was unable to pay as a result of his health issues.

¶5. On November 17, 2022, Sorrells filed a response to Pierce's motion to set aside and admitted that Pierce had paid $1,200 before the hearing. Sorrells' response also claimed that Pierce had been properly served with process; however, Pierce failed to appear at the hearing. In furtherance of his argument regarding service of process and monthly payments, Sorrells attached emails, text messages, and proof-of-payment documents to his response.

¶6. On November 22, 2022, Pierce filed an objection and motion to strike Sorrells' response and a motion for sanctions. In his pleading, Pierce claimed that Sorrells' attorney knowingly, maliciously, and wrongfully utilized and attached protected information to his response. As such, Pierce requested the response be stricken and sanctions ordered. On

3

November 23, 2022, the same day as the hearing, Pierce filed a "Motion for Trial Due to Novation." In his pleading, Pierce claimed that his monthly payment obligations were current and up to date through November 2022.

¶7. A hearing on Pierce's motions was held on November 23, 2022. The transcript from the hearing was less than ten pages, and Pierce represented himself. At the onset of the hearing, the court allowed Sorrells' counsel to briefly explain what pleadings were before the court. Following Sorrells' counsel's remarks, the trial court turned to Pierce for his comments. The extent of Pierce's participation in the hearing is detailed as follows:

BY THE COURT: Let's stop right there. Thank you for that interpretation. Is that a correct assessment? Throw out the original agreed order, give you credit for what you paid and then go to trial?

BY MR. PIERCE: Do I need to be –

BY THE COURT: Mr. Pierce, you know what, you're cute. Appreciate it. Thank you very much. I know you're cute. Got your stuff ready. You're representing yourself, final last minute motions but don't embarrass me anymore.

BY MR. PIERCE: I just don't know –

BY THE COURT: You put –

BY MR. PIERCE: Am I supposed to be sworn in? That's all I'm asking.

BY THE COURT: You're going to do it anyway? Stand and be sworn, Mr. Pierce.

BY MR. PIERCE: May I –

BY THE COURT: No. You may not open your mouth again. I don't think you understand.

4

BY MR. PIERCE:    I don't know –

BY THE COURT:    Well, I'm going to help you in just a second.

After the judge instructed Pierce not to open his mouth again, he did not say another word for the remainder of the short hearing.

¶8.    On November 28, 2022, the trial court entered an order stating,

> The Court finds no basis for granting any of the Defendant's motions, and they are all denied.  The Court further finds the Defendant is ordered to pay an additional $1,500 to Plaintiff, which represents the attorney fees paid by Plaintiff for having to respond to the Defendant's groundless pleadings.

On December 27, 2022, Pierce filed his notice of appeal from the November 28 order.

**STANDARD OF REVIEW**

¶9.    In *BB Buggies Inc. v. Leon*, 150 So. 3d 90, 95 (¶6) (Miss. 2014), the Mississippi Supreme Court wrote:

> [W]e apply an abuse of discretion standard of review to the circuit court's decision on a motion to set aside a default judgment. *American States Ins. Co. v. Rogillio*, 10 So. 3d 463, 467 (¶8) (Miss. 2009).  Where there is reasonable doubt as to whether "a default judgment should be vacated, the doubt should be resolved in favor of opening the judgment and hearing the case on its merits." *Id*. (quoting *McCain* [*v. Dauzat*], 791 So. 2d [839,] 843 [(¶10) (Miss. 2001)]).

**ANALYSIS**

¶10.    Pierce is representing himself on appeal and claims that the trial court erred in failing to set aside the judgment entered on October 11, 2022.  Pierce claims that he was not properly served with the summons for the hearing on Sorrells' September 2022 petition to unseal the judgment, for a citation of contempt and sanctions, and for an entry of a "lump sum judgment."  Pierce further claims that he was not in contempt of the agreed judgment

5

on the date of the hearing. Finally, Pierce claims he had "multiple recent physical hardships, including [six] broken foot bones, cancer and legal blindness that caused a brief interruption in gainful employment, which caused financial timing issues, not 'willful, contumacious or malicious conduct'. . . ."

¶11. As discussed above, a summons was issued on September 26, 2022, noticing Pierce that the hearing on Sorrells' petition would be held on October 10, 2022, "in the Courtroom of the Honorable Judge Mozingo, Circuit Court Judge, at the Marion County Courthouse at 250 Broad St., Columbia, Mississippi . . . ." Proof of service was filed on September 29, 2022, indicating that Pierce was personally served on September 28, 2022, in Lamar County, Mississippi. Therefore, Pierce's claim that he was not properly served with process is without merit.

¶12. Pierce claims that his monthly payment obligation to Sorrells was current on October 10, 2022. In his response to Pierce's motion to set aside, Sorrells admitted that Pierce paid $1,200 before the hearing on October 10, 2022. While the record on appeal does not include the transcript from the hearing on Sorrells' petition, at the hearing on Pierce's motion to set aside on November 23, 2022, Sorrells stated:

> [Pierce] was four months in arrears, when we filed first, and then he became up to date, prior to seeing you in court last, and I told you that then, that he had paid $1,200. He's up to – and then he's paid since. He's paid twice more since.

The order held Pierce in contempt and ordered him to pay the remaining balance of $5,700. This balance recognizes and gives credit for the $1,200 payment that Pierce claimed he made before the hearing and further corroborates the assertions contained in his petition to set aside

6

that he was current with his payments.[1]

¶13.    In his motion to set aside, Pierce also set forth a defense to justify his untimely monthly payments to Sorrells.  Pierce argued that although he was caught up with his payments at the time of the hearing, he was unable to make the payments in a timely manner as a result of his recent medical condition.  In *Braswell v. Braswell*, 336 So. 3d 1121,1133 (¶41) (Miss. Ct. App. 2021), this Court stated:

> Failure to comply with a court order is prima facie evidence of contempt which must be shown by clear and convincing evidence. *Weeks v. Weeks*, 29 So. 3d 80, 86 (¶23) (Miss. Ct. App. 2009).  "When the moving party has shown that the respondent has failed to comply with the judgment, the burden shifts to the respondent to show that his failure to comply with a court's decree was not willful or intentional and without fault." *Id*. (internal quotation marks omitted). "A defendant may avoid a judgment of contempt by [showing] that he is without the present ability to discharge his obligations."  *Wilson v. Stewart*, 171 So. 3d 522, 527 (¶16) (Miss. Ct. App. 2014).  "We do not know how to over-emphasize that the law in Mississippi is [that] inability to currently discharge an obligation in a civil contempt case is a defense to a judgment of contempt." *Riser v. Peterson*, 566 So. 2d 210, 211 (Miss. 1990) (capitalization omitted).  However, the defendant must prove his inability to pay "in particular terms." *Id*.

In the case at hand, the trial court did not allow Pierce to introduce any testimony or speak at all on his behalf at the hearing.  Instead, the trial judge told Pierce that he could not open his mouth again, and Pierce was not able to argue that he was current in his monthly payments or the reasoning behind the delay in the payments.  In *Leavitt v. Carter*, 178 So. 3d 334, 339 (¶17) (Miss. Ct. App. 2012), this Court noted:

> "A due process violation occurs where a party is not allowed a full and complete hearing before being deprived of life, liberty or property." *Vaughn*

---

[1] However, the judgment did not give Pierce credit for the two additional monthly payments Sorrells testified he had received.

7

*v. Vaughn*, 56 So. 3d 1283, 1287 (¶13) (Miss. Ct. App. 2011) (quoting *Stuart v. Stuart*, 956 So. 2d 295, 300 (¶23) (Miss. Ct. App. 2006)).

It is clear that Pierce was deprived of due process when the trial court refused to allow Pierce to testify or put on proof at the hearing on his motion to set aside the default judgment. In turn, Pierce's pending motions were all denied and he was assessed with additional attorney's fees. We find that the trial court violated Pierce's procedural due process rights, and we reverse the decision of the trial court and remand the case for a new hearing on the merits of Pierce's motion to set aside the October 10, 2022 judgment.[2]

¶14.    Relying primarily on *In re Nichols*, 749 So. 2d 68 (Miss. 1999), the dissent would reverse the trial court's finding of contempt "[b]ecause a contempt petition is not a proper means to enforce an ordinary money judgment." However, because "inability to pay is not a defense to a failure to pay" an ordinary money judgment, the dissent would affirm the trial court's judgment to the extent it ordered the agreed judgment be unsealed and enrolled by the clerk. Thus, the dissent finds there is no need to address the violation of Pierce's due process rights at the hearing on his motion to set aside the judgment.

¶15.    We agree with the dissent that contempt is not a proper mechanism for execution upon a money judgment pursuant to Mississippi Rule of Civil Procedure 69(a), but Sorrells' motion was not a normal effort to execute upon the judgment. The circuit court's order entered on May 11, 2021, awarded a judgment in favor of Sorrells against Pierce in the amount of $10,500. As noted above, the order provided that the judgment could be satisfied

---

[2] We are remanding for a new hearing on Pierce's motion to set aside the judgment, not for a new "contempt" hearing as suggested by the dissent.

8

by paying $300 per month, beginning June 1, 2021, for thirty-five months. In addition, the order prohibited Pierce from executing on the judgment so long as these monthly payments were made. The order also provided that "the [c]ourt retain[ed] jurisdiction for enforcement purposes."

¶16. The record shows that Pierce made the first twelve monthly payments, and then the monthly payments stopped. Because the order prohibited Sorrells from executing on the judgment so long as the required payments were made, Sorrells was forced to seek relief from the circuit court due to Pierce's violation of the court's order. Sorrells needed to prove that Pierce had violated the court's order so that the court would find Pierce in contempt, unseal the judgment, allow the judgment to be enrolled, and allow Sorrells to proceed to execute on the judgment. We find that the court had the inherent power to find Pierce in contempt for failing to obey the specific order of the court.[3] *See In re Dunn*, 166 So. 3d 475,

---

[3] The dissent recognizes that *In re Nichols* does not expressly prohibit a court from finding a debtor in contempt for failing to make payments as ordered by the court. In the present case, the trial court ordered Pierce to pay Sorrells $10,500, which, normally, Pierce would have had to pay within ten days of entry of the judgment to avoid immediate execution on the judgment. *See* M.R.C.P. 62(a). However, the trial court's order gave Pierce the option to avoid execution by making the monthly payments. Pierce did not pay the full amount of the judgment within ten days; instead, Pierce chose to make monthly payments. Because he failed to timely make the payments, Pierce was properly found in contempt for violating the court's order. The court sanctioned Pierce by unsealing the judgment, ordering the clerk to enroll the judgment, ordering that he pay the remaining balance, and ordering that he pay Sorrells attorney's fees and court costs for bringing the motion. These were proper sanctions for contempt in this case. *See Corp. Mgmt. Inc. v. Greene County*, 23 So. 3d 454, 466 (¶44) (Miss. 2009) ("[W]here a party's intentional misconduct causes the opposing party to expend time and money needlessly, then attorney fees and expenses should be awarded to the wronged party." (quoting *State v. Blenden*, 748 So. 2d 77, 87, (¶33) (Miss. 1999))). However, we agree with the dissent that pursuant to *In re Nichols*, incarceration is not an available sanction for contempt in this case. Therefore, we reverse and render that portion of the October 11, 2022 judgment.

9

478 (¶11) (Miss. 2012);*Corp. Mgmt. Inc. v. Greene Rural Health Ctr. Bd. of Trs.*, 47 So. 3d 142, 146 (¶15) (Miss. 2010); *Barrett v. Jones, Funderburg, Sessums, Peterson & Lee LLC*, 27 So. 3d 363, 370 (¶25) (Miss. 2009); *Wyssbrod v. Wittjen*, 798 So. 2d 352, 368 (¶58) (Miss. 2001); URCCCP 1.03; M.R.C.P. 70(a) & (d).

¶17.    Both Pierce and Sorrells request attorney's fees associated with this appeal.  However, an award of attorney's fees is not proper at this time.  In *Latham v. Latham*, 261 So. 3d 1110, 1115-16 (¶23) (Miss. 2019), the Mississippi Supreme Court held:

> While the Court has declared that the better practice would be for a party seeking attorney's fees on appeal to file a motion in the Court, we now clarify that Rule 27(a) of the Mississippi Rules of Appellate Procedure requires it. Here, Michele did not file a motion requesting attorneys' fees on appeal; rather she buried a one sentence request in her brief.  Such requests do not comport with the Mississippi Rules of Appellate Procedure.

Because neither party's request for appellate attorney's fees comports with Rule 27, we decline to consider their requests at this time.

## CONCLUSION

¶18.    After reviewing the record on appeal, we find no merit in Pierce's claim that he was not properly served with process on Sorrells' September 26, 2022 petition to unseal the judgment.  However, we find that Pierce's procedural due process rights were violated at the hearing on his motion to set aside the judgment.  Therefore, we reverse the trial court's November 28, 2022 order denying Pierce's motions and remand the case for a full hearing on the merits.  However, we reverse and render that portion of the trial court's judgment entered on October 11, 2022, ordering that Pierce be incarcerated until he purges himself of contempt.  Further, we decline to  consider both Pierce's and Sorrells' requests for appellate

10

attorney's fees at this time.

¶19. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS AND McDONALD, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY LAWRENCE AND SMITH, JJ.; McCARTY, J., JOINS IN PART.**

**WILSON, P.J., CONCURRING IN PART AND DISSENTING IN PART:**

¶20. I concur that the judgment must be reversed, but I would reverse and render rather than remand the case for a new hearing. A money judgment should be collected by execution or garnishment, not by a petition for contempt or under threat of incarceration. I would affirm the judgment of the circuit court only insofar as it directed the clerk to unseal and enroll the judgment. Sorrells may enforce the enrolled judgment by execution or garnishment. *See* M.R.C.P. 69. But I would reverse and render the circuit court's finding of contempt, order of incarceration (held in abeyance), and award of attorney's fees. The majority instead holds that a petition for contempt is a proper mechanism for collecting an ordinary money judgment. I respectfully dissent from this unprecedented holding.

¶21. The original litigation between Sorrells and Pierce culminated in an "Agreed Final Order and Judgment" that awarded Sorrells a judgment for $10,500. The judgment further provided, "[T]his judgment may be satisfied at the rate of Three Hundred Dollars per month beginning on June 1, 2021 and shall not be executed as long as the rate of $300.00[] per month is paid for thirty-five months." The judgment also stated that it would "remain confidential and be sealed."

11

¶22.    Pierce paid Sorrells $300 per month for one year but then fell four payments behind. On September 26, 2022, Sorrells filed a "Petition to Unseal Judgment Herein, for Citation of Contempt and Sanctions, and Entry of Lump Sum Judgment."  Sorrells argued,

> As a result of the willful, contumacious and malicious conduct of . . . Pierce . . . in violating and refusing to comply with this Court's . . . *Agreed Final Order and Judgment*, . . . Pierce . . . should be cited for contempt, incarcerated in the Lamar County Jail until he purges himself of contempt by paying the remaining balance of the . . . *Agreed Final Order and Judgment*, be otherwise sanctioned and the Court should, further, award [Sorrells] . . . all costs of court, costs of litigation, cost of collection and attorney fees, in addition to monetary sanctions for contempt.

Sorrells also asked that the judgment be unsealed and entered on the judgment roll.

¶23.    By September 30, 2022, Pierce had paid Sorrells $1,200 for the four late payments. Nonetheless, on October 11, 2022, the circuit court found Pierce "in contempt of [court]" and "ordered [Pierce] to be incarcerated until he purge[d] himself of contempt by paying the remaining balance ($5,700) of the Agreed Final Order and Judgment, along with $1500 in attorney fees and court costs of $35, for a total of $7,235.00."  The court's order stated that Pierce's "incarceration [would be] held in abeyance until further order of the court."  The court also unsealed the judgment and directed the clerk to enroll it.

¶24.    Eight days later, Pierce filed a motion to set aside the judgment of contempt.  After the hearing described in the majority opinion, the circuit court denied Pierce's motion and ordered Pierce to pay Sorrells an additional $1,500 in attorney's fees.  The court's order did not address Pierce's held-in-abeyance incarceration.  Pierce then filed a notice of appeal.

¶25.    The Mississippi Supreme Court addressed a similar scenario in *In re Nichols*, 749 So. 2d 68 (Miss. 1999).  In that case, Clyde and Elsie Rutledge sued John and Robbie Nichols

12

and ultimately obtained an "agreed judgment" against the Nicholses that required the Nicholses to make an initial payment and pay the remaining balance of the judgment in thirty-six monthly installments. *Id.* at 69-70 (¶3). "The judgment also specifically acknowledged that the chancery court would retain jurisdiction over the matter for purposes of enforcing the judgment." *Id.* at 70 (¶3). When the Nicholses failed to make payments that the judgment required, the Rutledges filed a petition for a citation of contempt. *Id.* at (¶4). The Nicholses moved to dismiss the contempt petition, arguing that it violated Section 30 of the Mississippi Constitution, which provides that "[t]here shall be no imprisonment for debt." *Id.* The chancery court denied the motion to dismiss, found that the Nicholses were in willful contempt, and ordered that John would be incarcerated if he failed to make delinquent payments under the judgment within five days. *Id.* John then filed a petition for extraordinary relief in the Mississippi Supreme Court, asking the Court to vacate the chancery court's ruling. *Id.* at (¶5).

¶26.    The Supreme Court held that the judgment against the Nicholses was a "debt" within the meaning of Section 30's prohibition against "imprisonment for debt." *Id.* at 72 (¶¶10-11). The Court explained that Section 30's prohibition does not apply to judgments requiring the payment of alimony or child support or to orders to pay money imposed as part of a criminal sentence. *Id.* at 70-72 (¶¶7, 10). But the Court rejected the Rutledges' argument that the "agreed judgment" fit within any exception to Section 30. *Id.* at 72 (¶¶10-11). Instead, the agreed judgment was an "ordinary . . . money judgment" and an "ordinary civil

13

debt." *Id.*[4] Therefore, the Court held that "to imprison [John] for the non-payment of [the] judgment would violate" Section 30, and the Court "vacate[d] the order of the chancery court finding [John] in contempt and ordering him incarcerated." *Id.* at (¶11). In the final sentence of its opinion, the Supreme Court stated, "The Rutledges are free to collect the judgment by execution, garnishment or any other available lawful means so long as it does not include imprisonment." *Id.*

¶27. Put simply, *In re Nichols* makes clear that a court may not jail a party for nonpayment of an ordinary money judgment. *Id.* Thus, Pierce clearly cannot be incarcerated for not paying Sorrells. Accordingly, the circuit court clearly erred to the extent that it ordered Pierce "to be incarcerated," even if the court also held his incarceration "in abeyance until further order of the court." The circuit court's judgment should be reversed and rendered to that extent.

¶28. Moreover, although *In re Nichols* does not directly address the issue, the opinion implies that a petition for contempt is not a proper mechanism for enforcement of an ordinary money judgment. In *In re Nichols*, the Supreme Court granted extraordinary relief and vacated "the chancery court's contempt order" in its entirety, not just the part ordering

---

[4] The Supreme Court held that the agreed judgment was an "ordinary . . . money judgment" and an "ordinary civil debt" even though—*just as in this case*—it was "negotiated," required the Nicholses to make installment payments for three years, and specifically provided that the chancery court would retain jurisdiction over the case for enforcement purposes. *In re Nichols*, 749 So. 2d at 69-70, 72 (¶¶3, 10-11). Citing the essentially identical features of the agreed judgment in this case, the majority opinion states that this "was not a normal effort to execute upon the judgment" and, therefore, that a petition for contempt was proper. *Ante* at ¶15. However, the Supreme Court made clear that this sort of judgment is nothing "but an ordinary civil debt in the form of an agreed judgment." *In re Nichols*, 749 So. 2d at 72 (¶11).

incarceration. *Id.* at 69 (¶1); *accord id.* at 72 (¶12). The Supreme Court also stated that "[t]he Rutledges [were] free to collect the judgment by execution, garnishment or any other available lawful means so long as it does not include imprisonment." *Id.* at 72 (¶11). The Court did not suggest that a petition for contempt was a proper means for collecting the judgment.

¶29. Other courts have held that the court's contempt power may not be used to enforce an ordinary money judgment. For instance, the United States Court of Appeals for the Eleventh Circuit has stated, "It is . . . clear that when a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt." *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1986). The United States District Court for the Southern District of New York similarly held that the court's "contempt power should not be used to enforce a money judgment." *Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*, 172 F. Supp. 3d 691, 698 (S.D.N.Y. 2016). The Indiana Supreme Court has held that "because parties may enforce obligations to pay a fixed sum of money through execution as provided in [Indiana Rule of Trial Procedure] 69, all forms of contempt are generally unavailable to enforce an obligation to pay money." *Cowart v. White*, 711 N.E.2d 523, 531 (Ind. 1999). As one writer summarizes the issue, "except for highly preferred debts such as the support of children and spouses, courts . . . will not enforce money judgments with the contempt power. . . . The rule is simply that we do not use the contempt power to coerce the payment of money." Douglas Laycock, *The Death of the Irreparable Injury Rule*, 103 Harv.

15

L. Rev. 687, 698-99 (1990) (footnotes omitted) (collecting cases).[5]

¶30.    We should follow the same rule in this State.  Mississippi Rule of Civil Procedure 69

and statutes provide for the enforcement of ordinary money judgments by execution and

garnishment.  M.R.C.P. 69; *In re Nichols*, 749 So. 2d at 72 (¶11).  There is no compelling

reason to authorize petitions for contempt as an additional means of collection.

¶31.    Because a contempt petition is not a proper means to enforce an ordinary money

judgment, I would reverse and render the circuit court's judgment to the extent that it found

Pierce in contempt, ordered him to be incarcerated (held in abeyance), and awarded

attorney's fees to Sorrells.  I would affirm the judgment only insofar as it unsealed the agreed

judgment and directed the clerk to enroll the judgment on the judgment roll.  Pierce's alleged

inability to pay is not a defense to an ordinary money judgment.[6]

---

[5] *See also, e.g.*, *Bald, Fat & Ugly LLC v. Keane*, 303 P.3d 166, 170 (Idaho 2013)
("The contempt power . . . is generally not available for the enforcement of . . . money
judgments."); *Sehlstrom v. Sehlstrom*, 925 N.W.2d 233, 240 (Minn. 2019) ("[A] contempt
motion [is] not a proper enforcement mechanism [for a money judgment].  Rather, the
remedy provided by [Minnesota Rule of Civil Procedure 69] is a writ of execution.  There
is good reason for this rule.  To hold otherwise . . . would allow a creditor to invoke a
court's contempt power to collect ordinary judgment debts; this outcome is problematic, at
best, given the prohibition in the Minnesota Constitution against imprisonment for failure
to pay debts."); *Hill v. Paluzzi*, 581 S.E.2d 730, 732 (Ga. Ct. App. 2003) ("Although courts
may enforce their orders through contempt proceedings, they cannot use their contempt
power to compel compliance with a money judgment."); *Verrett v. Alston*, No. 2010-CA-
1537, 2011 WL 9165435, at *1 (La. App. 4 Cir. Mar. 16, 2011) (unpublished) (holding that
a money judgment may be enforced by execution as provided by law, but "[t]he trial court
ha[s] no authority to enforce the payment of a money judgment through its contempt
powers").

[6] As the Supreme Court held, the type of agreed judgment at issue in this case is
nothing "but an ordinary civil debt in the form of an agreed judgment." *In re Nichols*, 749
So. 2d at 72 (¶11).  Inability to pay is not a defense to an "ordinary civil debt."

16

¶32. The majority instead remands the case for a new contempt hearing with instructions that Sorrells may recover attorney's fees if he prevails but that Pierce may assert a defense of inability to pay based on an alleged "medical condition." *Ante* at ¶13 & n.3.[7] This is a mistake. A party is not entitled to recover attorney's fees for his efforts to collect an ordinary money judgment, and inability to pay is not a defense to a failure to pay such a judgment. We should bring the case to an end and leave Sorrells to collect the enrolled judgment by execution, garnishment, or other lawful means. *In re Nichols*, 749 So. 2d at 72 (¶11). Accordingly, I respectfully dissent in part.

**LAWRENCE AND SMITH, JJ., JOIN THIS OPINION. McCARTY, J., JOINS THIS OPINION IN PART.**

---

[7] The majority makes a point to state that it is "remanding for a new hearing on Pierce's motion to set aside the judgment, not for a new 'contempt' hearing." *Ante* at n.2. Maybe so, but I doubt this distinction has any real practical or legal significance. As I read the majority opinion, it remands the case for a new hearing at which Pierce may present evidence of his alleged inability to pay in order to show that he should not have been held in contempt. *See ante* at ¶13. That sounds a lot like a contempt hearing.